STANNARD *against* WHITTLESEY.

*A.* having been appointed guardian of *B.*, a minor, took possession of his
estate, real and personal, receiving the rents and profits of the former,
and disposing of the latter for his private purposes. After *B.* had arrived
to full age, *A.* induced him to take two promissory notes made by *C.*,
representing them as a part of *B*'s estate and as good, whereas they
grew out of *A*'s private concerns and were bad; and *B.* thereupon gave
his receipt for them. *B.* then requested *A.* to render his account as guar-
dian, which *A.* neglected to do; and *B.*, being unable to procure full and
adequate proof of the facts, brought a bill in chancery against *A.*, stating
these matters, and seeking a discovery, an account and a decree setting
aside the receipt, as auxiliary to an action at law on the bond given by *A.*
to the court of probate. On demurrer to the bill, it was held, that the bill
was insufficient, because the plaintiff had adequate remedy at law; for
whether any judicial act was necessary or not, to enable him to obtain
complete redress, by action on the bond, yet an action of account, in
which the parties would be admitted to their oaths, was sustainable and apt
to the case.

THIS was a bill in chancery.

The bill stated the following case. On the 20th of *De-
cember* 1820, the defendant was appointed, by the court of
probate, guardian to the plaintiff, then a minor; and gave
bond, with surety, according to law. At that time, the plain-
tiff owned real and personal estate of the value of 8000 dol-
lars; and the defendant, as guardian, on the 10th of *February*
1821, received into his possession all the personal estate of
the plaintiff, consisting of household goods, wearing apparel,
implements of husbandry, ready money, moneys due on book
and out at interest, upon notes, bonds, mortgages and other
securities, and divers other goods and effects to a large amount,
the particulars of which, are, and ever have been, unknown
to the plaintiff. At the same time, the defendant also went

into possession of the plaintiff's real estate, to take care of and manage the same, and received the rents and profits thereof, to account for, as guardian, according to law. The defendant, since his appointment, has bought lands and houses, to the amount of many thousand dollars, and paid for them out of the funds belonging to the plaintiff, and has taken conveyances thereof solely to himself.

On the 1st of *January* 1828, the plaintiff arrived to the age of twenty-one years; but the defendant has never rendered a true and full account of his guardianship to the court of probate, nor to the plaintiff, although often thereto requested, and particularly at *Killingworth*, on the 31st of *May* 1828; nor has he rendered any account, or made any settlement, in the premises; but is in arrear to the plaintiff, on account of said guardianship, in a greater sum than 8000 dollars.

In *January* 1828, after the plaintiff arrived to full age, the defendant applied to him, and insisted upon delivering over to him certain notes, as his property, for which the defendant pretended to be accountable as guardian; and the plaintiff, confiding in the defendant's integrity, received said notes, and by the requirement of the defendant, signed a receipt for them. Among these notes were two, signed by *Sylvester Spencer*, of the city *New-York*, and *Oliver Spencer* of *Saybrook*, amounting to more than 1000 dollars, which the plaintiff supposed, at the time he received them, were good and collectable. These notes originated as follows. Some time previous to the execution thereof, the defendant and *Sylvester Spencer* were merchants in company, doing business in the city of *New-York*; and the money for which the notes were given, was, by the defendant, invested in that concern; and became a part of the partnership property; *Spencer* stopped payment and abandoned the concern; he and the defendant then had a pretended settlement of their partnership business; upon which the former, with *Oliver Spencer* as surety, executed said notes; they being then and ever since bankrupts; which was well known to the defendant. These proceedings were had during the defendant's guardianship; and at the time he delivered over the notes to the plaintiff, he intentionally and fraudulently concealed from the plaintiff, the knowledge of the facts above stated.

An action at law has been commenced, and is now pend-

ing in the superior court, in the name of the judge of the court of probate, for the benefit of the plaintiff, against the defendant, on his bond. To this action, the defendant has pleaded, among other things, " That he has fully accounted to and settled with the plaintiff, since he has arrived to full age, concerning all matters relating to his guardianship ;" which the plaintiff, in his replication, denied.

The plaintiff, therefore, claimed, that upon principles of equity, he was entitled to have an account from the defendant, under oath, of the real estate by him purchased with the plaintiff's property, and of the personal estate and effects of the plaintiff, which have come to the defendant's hands.

The plaintiff also insisted, that he was entitled to a full and fair disclosure of all the facts above stated, relating to the notes executed by *Sylvester* and *Oliver Spencer*, the delivery thereof to the plaintiff, and his signing of the receipt ; the plaintiff being unable to procure full and adequate proof of the facts aforesaid, by other testimony.

The plaintiff also prayed for the appointment of a committee, to examine, adjust and ascertain, by the oath of the defendant and other proper testimony, the whole transactions and accounts of the defendant in the premises, during the time of his guardianship, to the end, that all such sums of money as were due from him to the plaintiff, might be recovered in said action at law. The plaintiff further sought for a decree declaring said receipt void.

The defendant demurred to the bill ; and thereupon the case was reserved for the advice of this Court.

*Waite* and *Storrs*, in support of the demurrer, contended, That the bill was insufficient, on several grounds.

1. For uncertainty ; and this in relation to the mode of relief sought, and as to the court whose aid is ultimately sought. In pleading there must be the same strictness in equity as in law. 2 *Atk.* 632.

2. Multifariousness ; as it seeks the aid of a court of equity by discovery, and by discovery and relief. *Rose* v. *Gannel*, 3 *Atk.* 439. *Vaughan* v. *Fitzgerard*, 1 *Scho. & Lef.* 316. *Jerome* & al. v. *Jerome*, 5 *Conn. Rep.* 353. *Coop. Eq. Pl.* 52.

3. Because the plaintiff has adequate remedy at law ; first, before the court of probate ; and secondly, by action of account.

4. Because the discovery sought would be unavailing; as on the face of the bill, it is apparent, that no action at law will lie. *Robertson* v. *Robertson*, 1 *Root* 51. *Stilwell & ux.* v. *Mills*, 19 *Johns. Rep.* 304. *Bailey* v. *Rogers & al.* 1 *Greenl.* 186.

5. Because the pendency of an action at law destroys the right of the plaintiff to apply to equity for relief, in such a case as this. 2 *Swift's Dig.* 235. *Coop. Eq. Pl.* 272. & seq. *Mitf.* 196. *Smith* v. *McIver*, 9 *Wheat.* 532.

*Sherman* and *Strong*, contra.

DAGGETT, Ch. J. I think all the discussion relative to the manner of asking for a discovery, and whether the bill be insufficient for multifariousness, may be laid out of consideration, because, in my judgment, the plaintiff has adequate remedy at law; and if so, the superior court is prohibited, by positive legislative enactment, from holding jurisdiction.

An action on the bond may be sustained. No act of the court is necessary; nor any demand other than that which is alleged to have been made. The plaintiff, when of full age, made a demand, which is set forth in the bill, with technical accuracy. The only answer to this objection is, that the plaintiff seeks a disclosure of all the facts, and especially those respecting the notes and receipt, by the oath of the defendant; but it may well be doubted whether the allegations of the plaintiff in relation to those facts, are sufficient. They are, that he is unable to procure full and adequate proof, by ordinary testimony, or by other testimony than that of the defendant. This is the usual allegation; and it would seem necessary to sustain a bill of discovery. But

2. Waiving this consideration, it is not doubted but an action of account is well sustainable, and apt to the plaintiff's case. In such an action, it is full well known, the parties will be admitted to their oaths. The defendant will be compelled to abandon his defence, or to disclose under oath before auditors, every fact sought by this bill, and about which he could be compelled to testify in a court of chancery.

If it be said, as it has been said, that the plaintiff himself cannot make proof of all the property which the defendant may have received, as guardian, the answer is obvious: he can make the same proof, which he can make in a court of chancery, and can subject the defendant to the same enquiries.

*Middlesex,*
*July, 1833.*

*Stannard*
*v.*
*Whittlesey.*

The judgment, also, in a suit at law, will equally bind the parties.

In this brief view of the case, and for these reasons, the bill must be dismissed. The superior court must, therefore, be advised, that the demurrer is well taken.

The other Judges were of the same opinion, except CHURCH, J., who dissented.

Demurrer sustained ; and
Bill dismissed.