## John S. Crain, Appellee, v. James F. Burnett, Appellant.

1. LANDLORD AND TENANT, § 5*—*when relation not created.* Under a contract by which a person was to furnish her son-in-law with board and lodging and pay him $50 per year, in return for which the son-in-law was to render certain services, furnish household sup-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plies and care for his mother-in-law, the premises occupied being restrained by the mother-in-law during her life, the son-in-law had no right of possession to the premises except as was necessary to perform the services required, and the contract did not create the relation of landlord and tenant, but that of master and servant.

2. MASTER AND SERVANT, § 39*—*what is duty of employee on termination of relation.* Where an employee occupies a house incidently to his employment and he is discharged, whether the discharge be rightful or wrongful, he must vacate the premises occupied by him as such employee, and if he fails to leave peaceably, or after doing so returns and becomes a trespasser, he may be ejected by the master although his wages have not been paid.

3. FORCIBLE ENTRY AND DETAINER, § 3*—*when remedy available.* Under the Forcible Entry and Detainer Act, § 2, (J. & A. ¶ 5843), suit may be maintained when a peaceable entry is made and the possession unlawfully withheld; and where a contract for services under which a son-in-law occupied premises of his mother-in-law was cancelled wrongfully, it was his duty to vacate the premises, and his withholding possession thereafter was wrongful.

4. APPEAL AND ERROR, § 1625*—*when exclusion of evidence harmless.* In a suit in forcible detainer, a contract showing the nature of the occupancy of the premises was competent, but its rejection as evidence was harmless, where such contract was in the record and its admission could not have changed the result of the trial.

Appeal from the County Court of Piatt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

HICKS & DOSS, for appellant.

A. C. EDIE and F. M. SHONKWILER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in forcible detainer begun by John S. Crain, appellee, against James F. Burnett, appellant, before a justice of the peace and appealed to the County Court of Piatt county. In the trial in the County Court a jury was waived, and the court found the appellant guilty of unlawfully withholding the pos-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

session of the premises described in the complaint, and judgment was rendered in favor of appellee.

Appellant married a daughter of S. V. and Sarah Hamilton. After the marriage appellant and his wife made their home with her parents, and about fourteen years ago the Hamiltons with appellant moved into the premises in controversy.

S. V. Hamilton died in 1903. In January, 1904, Mrs. Hamilton and appellant executed the following written agreement under their seals:

"This agreement made and entered into this twelfth day of January (1903) by and between Sarah E. Hamilton party of the first part and J. F. Burnett party of the second part witnesseth:

"That the party of the first part in consideration of the promises hereinafter expressed agrees to furnish party of the second part with board, lodging and washing and fifty dollars ($50.00) per year to be paid on January 1st of each year. Also household and kitchen furniture. Party of the first part further agrees to execute a warranty deed to the S.½ South Half lots three, four, five and six (3, 4, 5 and 6) Block No. 3 in Randall's Addition to the village of Atwood, Piatt County, Illinois. Party of the first part reserving a life estate with all the rights of possession and control during her lifetime.

"And in consideration of the performance of the above by the first party said second party agrees to furnish all vegetables such as potatoes, cabbage, turnips, all kind of fruit and berries. Also to furnish a first-class garden all for family use, also to furnish poultry and eggs, to keep lawn and shrubbery, shade trees, fruit trees and flowers in first-class condition. Also to see that fuel is provided, fires kept up, also to attend to all business affairs when requested to by party of the first part. Party of the second part reserving the right to work at his trade or any other labor, provided in so doing it does not interfere with work at home.

"Party of the second part further agrees to care for party of the first part through health, sickness and

death, in the event of death to see that she is laid to rest by the side of her husband in McVille Cemetery.''

The deed from Mrs. Hamilton to appellant was made November 23, 1909. It contains the clause, ''the grantor reserving a life estate with all the rights of possession and control during her lifetime.''

In August, 1910, Edward R. Parsons was, by the County Court of Piatt county, appointed conservator of the person and estate of Mrs. Hamilton, who had been found to be distracted. On August 29, 1910, the conservator made a contract with appellee under which appellee was to move into said premises with Mrs. Hamilton, occupy the premises and care for her, furnishing her food, clothing, care and maintenance except nursing during illness, for which appellee was to have the use of the premises and $41.65 per month. This contract was approved by the County Court. On August 30th the appellee, as lessee, made a demand in writing on appellant for the immediate possession of the premises, and on the same day the conservator, on behalf of Mrs. Hamilton, made a demand in writing on appellant that he deliver up the possession of the premises within thirty days. The appellant continuing to live on the premises, thereafter, on October 1st, this suit was begun. The evidence of appellant was that he had made his home with Mrs. Hamilton for forty-two years and that there was an error in the date of his contract with her, that it was made in 1904.

The appellant contends that his possession was not such as is contemplated by the statute in order for the plaintiff to maintain this action, while the appellee contends that the occupation of appellant was a tenancy at will.

The contract is one by which Mrs. Hamilton was to furnish appellant with board and lodging, but not for any specified time, and pay him $50 per year, in return for which the appellant was to render certain specified services, furnish certain household supplies and care for Mrs. Hamilton. Mrs. Hamilton reserved all

rights of possession and control of the premises during her life. The contract does not give appellant any right to the possession or any control over the premises during her life. The relation between them was one of master and servant or employer and employee. The only right of occupancy or possession that appellant had under the contract was such as was necessary for or incident to the performance of the services to be rendered by him. Such right to occupy or possess did not create the relation of landlord and tenant. *Cochrane v. Tuttle*, 75 Ill. 361; *Haywood v. Miller*, 3 Hill (N. Y.) 90; *Wilson v. Martin*, 1 Denio (N. Y.) 602; *White v. Maynard*, 111 Mass. 250; 18 Am. & Eng. Encyc. of Law, 171; 24 Cyc. 879.

There is no evidence in the record as to the performance or nonperformance by appellant of the duties agreed to be performed by him. So far as this record is concerned it must be conceded that appellee has not shown any right to cancel the contract and discharge appellant. If it be conceded that appellant was not in default, then appellee had no cause to cancel the contract, and the demand for possession of the premises was a discharge of appellant and a termination of the contract for service, but not for cause on the part of appellant.

Where an employee occupies a house incidentally to his employment and he is discharged, whether the discharge be rightful or wrongful, he must vacate the premises occupied by him as such employee. If he fails to leave peaceably, or after doing so returns, he becomes a trespasser and may be ejected by the master although his wages have not been paid. 26 Cyc. 996; *Champion v. Hartshorne*, 9 Conn. 564; *Kerrains v. People*, 60 N. Y. 221; *Bourland v. McKnight*, (79 Ark. 427), 4 L. R. A. (N. S.) 698; *Noonan v. Luther*, (206 N. Y. 105), 41 L. R. A. (N. S.) 761, and notes.

The second section of the Forcible Entry and Detainer Act (J. & A. ¶ 5843) provides that the suit may

be maintained, when a peaceable entry is made and the possession unlawfully withheld. When the contract under which appellant occupied the premises as a lodger was cancelled, although wrongfully, still it was his duty to vacate the premises, and his withholding possession thereafter was wrongful.

The court sustained an objection to the introduction in evidence of the contract between Mrs. Hamilton and appellant. The contract was clearly competent for the reason it showed the nature of the occupancy of the premises by appellant. However, as the contract is in the record and its admission could not have changed the result of the trial, its rejection was harmless error. There being no reversible error in the record, the judgment is affirmed.

*Affirmed.*