356

Vincent L. Knaus, Appellant, v. William E. Beuck, Appellee.

Gen. No. 44,059.

Opinion filed May 19, 1947. Released for publication June 3, 1947.

* See Callaghan's Illinois Digest, same topic and section number.

Vincent L. Knaus, *pro se.*

Arthur Rosenblum, of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

April 2, 1946, plaintiff brought an action of forcible detainer against defendant to recover possession of the first floor of a three story building located at 8926 Harper avenue, Chicago, together with one stall in a garage located in the rear of the building. There were a number of pleadings filed, motions made, orders entered and afterwards, on December 11, 1946, defendant's motion for a summary judgment was sustained. On that date plaintiff filed a written motion that "without waiving any rights" in the forcible detainer action, he be given leave "to file a statement of claim in contract." The motion was overruled. Plaintiff appeals.

The record discloses that March 1, 1945, the parties entered into a written lease whereby plaintiff leased to defendant the first floor of the building and a stall in the garage in the rear, from the first of May, 1945, until April 30, 1946, at a rental of $62.50 per month, payable in advance on the first day of each month. Afterward defendant entered into possession of the premises and on the 15th day of March, 1946, plaintiff served two notices on defendant. The first notice stated that the tenancy "will terminate on the 31st of March, 1946", and defendant was required to surrender possession to plaintiff on that day. The notice further stated that the reason plaintiff was terminating the lease was that prior to the execution of the lease it was agreed between the parties that the leasing was contingent upon defendant's acceptance to do certain work on and about the premises during the term of the lease; that defendant performed the work until March 3, 1946, when he gave plaintiff a written notice

that he would not do the work thereafter. At the bottom of this typewritten notice appears in typewriting a statement that a copy of the notice had been forwarded to the Rent Control Division, O. P. A. located at 222 West Adams street, Chicago.

The second notice served by plaintiff on defendant notified defendant that "in consequence of your violation of the provisions of your written lease, defaults of which are hereinafter stated," the apartment and the stall in the garage "I have elected to determine your lease, and you are hereby notified to quit and deliver up possession of the same in ten days." That the defaults and violations were, among other things, "(4)—Baby buggy must be removed from front hall. (5)—Baby buggy is taken in and out of the front door. (7)—Dog or dogs kept in apartment which is not allowed.

"Furthermore, washing machine, tools, furniture, and other items are kept in basement, from room and in boiler room. All such articles must be placed in tenant's locker provided for that purpose." And further, "You have further violated a substantial obligation of your tenancy and have committed and allowed a nuisance in and about" the premises in which high school children have come in and out of the apartment making loud noises, etc.

The record further discloses that the parties had entered into an oral agreement by which defendant was to keep up the fires in the furnace, remove garbage, etc., for which plaintiff was to pay him $7.50 per month, and that afterwards he did make such payments by check.

Plaintiff contends that this was a part of the agreement entered into between the parties and that it was proper to show this fact, although it was not mentioned in the written lease. We think this contention cannot be sustained. There was no mention of this work in the lease and we think the record discloses that this was an independent agreement.

Defendant contends that the notices above mentioned, served by plaintiff on defendant in attempting to terminate the lease, were not in compliance with the regulations of the O. P. A. That Section 6, which has to do with the removal of a tenant provides that: "So long as a tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, . . . unless: . . .

"(3) *Violating obligation of tenancy or committing nuisance.* The tenant (1) has violated a substantial obligation of his tenancy, other than an obligation to pay rent and has continued, or failed to cure, such violation after written notice by the landlord that the violation cease. . . ." Unless (d) he is given at least 10 days' notice. This provides: *"Notices required* —(1) *Notices prior to action to remove tenant.* Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. . . .

"No tenant shall be removed or evicted from housing accommodations by court process or otherwise, unless at least ten days . . . prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction is sought."

 We think the two notices given were not a compliance with the provisions of the O. P. A. regulations. The first notice, above referred to, was given on March 15, 1946 and stated the lease would be terminated on the 31st of March, 1946, and the reason given was that the tenant refused to do the work mentioned in the oral agreement. The second notice which was given on the same day specifically stated that plaintiff had elected to determine the lease and notified the

defendant to deliver up possession within 10 days, specifying a number of violations. Defendant was not given 10 days to correct such claimed violations as paragraph (d) of section 6 required. In these circumstances we think the court properly entered summary judgment in favor of defendant.

We are further of opinion that the court did not err in denying plaintiff's motion for leave to file a statement of claim in contract. This could not be joined in the forcible detainer action. Sec. 5, chap. 57, Ill. Rev. Stat., 1945 [Jones Ill. Stats. Ann. 109.267].

The judgment of the Municipal court of Chicago is affirmed.

*Judgment affirmed.*

NIEMEYER and FEINBERG, JJ., concur.