Joppa High School District No. 21, Massac County, Plaintiff-Appellee, *v.* Cletus Jones, Defendant-Appellant.

Fifth District No. 75-103

Opinion filed January 21, 1976.

James W. Sanders, of Marion, for appellant.

Louis G. Horman, of Metropolis, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant appeals from a summary judgment rendered against him by the circuit court of Massac County in an action brought under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1973, ch. 57, pars. 1—22) by the Joppa High School District of Massac County, Illinois.

In August, 1959, the Joppa High School District (hereinafter called the "school district") hired Jones as its superintendent of schools. In April, 1963, the school district reduced Jones's salary and allowed Jones to begin living in a house owned by the school district to offset the reduction in his salary. The school district's board of education decided in June 1974 to terminate Jones's employment on July 30, 1974. A written notice of this decision was delivered to Jones on June 29, 1974. The notice also contained a demand that Jones vacate the house in which the school district had previously allowed him to reside by July 30, 1974.

Jones did not move from the house. He filed a complaint against the school district in which he alleged that the school district had wrongly terminated his employment contract and asked for damages from the school district.

Because Jones refused to move from the house, the school district brought the present suit for possession of the house under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1973, ch. 57, pars. 1—22). Jones made a motion that this suit should be consolidated with his breach of contract action. The motion was denied.

Jones then filed his answer, which alleged as an affirmative defense that the school district had wrongly discharged him and that he should be allowed to remain in the house until the school district made a correct termination of the employment contract. The school district made a motion to strike the affirmative defense on the ground that the propriety of the termination of Jones's employment contract was not relevant to the question whether Jones had to leave the house at the demand of the school district. The motion to strike the affirmative defense was granted.

The school district next made a motion for summary judgment. A summary judgment was entered in the school district's favor.

On appeal Jones argues that (1) the circuit court abused its discretion by denying the motion for consolidation, (2) the circuit court committed error by striking the affirmative defense from the answer, and (3) summary judgment should not have been rendered for the school district because Jones's answer and affidavit in opposition to the motion for summary judgment disclosed a genuine issue of material fact in the case.

■■ A motion for consolidation of separate cases is addressed to the sound discretion of the circuit court. (Ill. Rev. Stat. 1973, ch. 110, par. 51; *Blyman v. Shelby Loan & Trust Co.*, 382 Ill. 415, 47 N.E.2d 706.) The decision of the circuit court on a motion for consolidation will be overturned on review only if the decision amounted to an abuse of discretion by the circuit court. (*Black Hawk Motor Transit Co. v. Illinois Commerce Com.*, 383 Ill. 57, 48 N.E.2d 341.) Jones's action for breach of the employment contract and the school district's present action for possession of the house were different enough so that the circuit court's refusal to consolidate the actions was not an abuse of its discretion. (See Ill. Rev. Stat. 1973, ch. 57, par. 5; *Knaus v. Beuck*, 331 Ill.App. 356, 73 N.E.2d 160.) The circuit court's refusal to consolidate the cases must therefore be upheld.

■■ A defense that is asserted in an answer may be stricken upon a plaintiff's motion if the defense is substantially insufficient in law. (Ill. Rev. Stat. 1973, ch. 110, par. 45; *People ex rel. Dixon v. Community Unit School District No. 3*, 2 Ill.2d 454, 118 N.E.2d 241.) The correctness of the circuit court's decision to strike Jones's affirmative defense thus depends on whether the well-pleaded allegations that set forth the defense, if taken to be true, expressed a legally sufficient defense. *Morrissey v. Morrissey*, 299 Ill.App. 173, 19 N.E.2d 835.

■■ The well-pleaded allegations of the answer show that Jones's living in the house was a part of his compensation for serving as the school district's superintendent. There is no allegation in the answer that the school district was bound by any provision in the employment contract to allow Jones to remain in the house for a definite term. Under these circumstances, Jones's occupation of the house was incidental to his employment and he had no interest in the house which would enable him to resist the school district's demand that he move. (*Crain v. Burnett*, 190 Ill.App. 407; *Clark v. Harry* (1944), 182 Va. 410, 29 S.E.2d 231; Annots., 39 A.L.R. 1145 (1925), 35 A.L.R. 576 (1925), 14 A.L.R. 808 (1921).) Jones had to move when the school district so demanded, regardless of whether the school district's termination of his employment contract was wrongful. (*Crain v. Burnett; Clark v. Harry.*) Thus the allegations which set forth the affirmative defense did not state a legally sufficient defense, and the circuit court was correct in striking the affirmative defense.

■■ After the affirmative defense was stricken from the answer, all that remained in the answer were the denials of the allegations of the complaint. The pleadings in this case and the affidavits filed in support of, and in opposition to, the school district's motion for summary judgment, do not disclose a genuine issue as to any material fact. Moreover, the

pleadings and affidavits showed that the school district was entitled to judgment as a matter of law. Thus the circuit court's granting of the school district's motion for summary judgment was proper. Ill. Rev. Stat. 1973, ch. 110, par. 57(3).

For the foregoing reasons, the judgment of the circuit court of Massac County is affirmed.

Judgment affirmed.

JONES and KARNS, JJ., concur.