BETHANY REFORMED CHURCH OF LYNWOOD, Plaintiff-Appellee, *v.* HARRY J. HAGER, Defendant-Appellant.

First District (3rd Division)   No. 79-1866

Opinion filed May 21, 1980.

Lev & Sneckenberg, of Chicago (William J. Sneckenberg, of counsel), for appellant.

Block, Levy & Becker, of Chicago (Alvin R. Becker and Stephen Taylor, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

This is a forcible detainer action in which plaintiff church seeks possession of a single-family residence used as a parsonage and occupied by defendant, Harry J. Hager, the church's former pastor. The defendant concedes he gained possession of the parsonage solely because he was the church's pastor. The defendant filed two affirmative defenses. One alleged that his ministry had been terminated but that he executed the termination agreement under duress and under the threat of being fired. During oral argument, defendant's attorney acknowledged that his employment as pastor had been terminated. The second affirmative defense alleged that he was entitled to possession of the parsonage by virtue of an existing contract of employment with the church which provided for defendant to be minister of the church for his life. Both affirmative defenses were stricken by the circuit court judge.

The circuit court then allowed the church's motion under section 45(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45(5)) for judgment on the pleadings. The defendant appeals. We affirm.

A motion under section 45(5) for judgment on the pleadings requires determination of whether the pleadings raise any material fact issue, and if not, whether the moving party is entitled to judgment as a matter of law. *City of Chicago v. Mendelson* (1973), 14 Ill. App. 3d 950, 955, 304 N.E.2d 16, 19.

In his stricken affirmative defenses, the defendant alleged that he was entitled to possession of the parsonage by virtue of an existing contract of employment with the church which he claimed was for his life. However,

the defendant failed to allege that he was also entitled to possession of the parsonage for life or for that matter for any particular term. In one of his affirmative defenses, defendant alleged that he entered into a written contract of employment with the church in 1929 but that the contract was not in the defendant's possession. He appended a form copy of the contract to his defense. The only provision of the form contract which applies to the period of employment and the parsonage reads as follows:

"We promise and oblige ourselves * * * while you are dispensing spiritual blessings to us to pay you the sum of $_____ in _____ payments *yearly and every year* so long as you continue the minister of the Church together with (here insert particulars which may refer to a *parsonage* or residence, *or other emoluments*)." (Emphasis added.)

Defendant concedes that he executed an agreement terminating his pastoral relationship with the church, but claims it was an ineffective instrument because it was obtained under duress.

The relevant Illinois law is found in *Joppa High School District No. 21 v. Jones* (1976), 35 Ill. App. 3d 323, 341 N.E.2d 419, and *Crain v. Burnett* (1914), 190 Ill. App. 407. In *Joppa*, a school superintendent (Jones) was permitted to live in a house owned by his employer (a school district) as part compensation for his services. When his employment was terminated, the employer sought possession of the house in a forcible detainer action. The superintendent raised the affirmative defense that he had been wrongfully discharged. The court in *Joppa*, after observing that the superintendent was given use of the house as additional compensation for his services and that he failed to allege that the school district had agreed to allow him to occupy the house for a definite term, held:

"Under these circumstances, Jones's occupation of the house was incidental to his employment and he had no interest in the house which would enable him to resist the school district's demand that he move. (*Crain v. Burnett*, 190 Ill. App. 407; * * *.) Jones had to move when the school district so demanded, regardless of whether the school district's termination of his employment contract was wrongful." 35 Ill. App. 3d 323, 325.

In *Crain*, the court held that an employment contract under which the employee was to move into the employer's premises and care for her in her home did not give an employee any right to possession or control of the employer's premises beyond the period of his employment; on the contrary the court held that the only right of possession the employee had under the contract was such as was incident to the performance of the services to be rendered by him and this did not create the relationship of landlord and tenant.

Applying the teaching of *Joppa* and *Crain* to the defendant's claim

that he is entitled to continued possession of the parsonage, we conclude:

The form contract relied on by the defendant states, as was also true in *Joppa*, that the parsonage was provided for the defendant's use as partial payment for his services. This is clear from the reference in the form contract to the use of the parsonage by the defendant as an "emolument."

■■ Moreover, as in *Joppa*, there was no agreement between the church and the defendant that the latter was to occupy the parsonage for a definite term. The defendant has alleged that his contract of employment was for the duration of his life. This allegation is inconsistent with the form contract which defendant attached to his affirmative defense; the form contract provided only that defendant was to be paid a yearly salary. As a matter of law in Illinois, a hiring on the basis of a yearly salary, if no period of employment is otherwise stated, is terminable, without cause, at the election of either employer or employee. (*Roemer v. Zurich Insurance Co.* (1975), 25 Ill. App. 3d 606, 610, 323 N.E.2d 582, 585; *Atwood v. Curtiss Candy Co.* (1959), 22 Ill. App. 2d 369, 373, 161 N.E.2d 355, 357; *Watts v. Greater Bethesda Missionary Baptist Church* (1958), 20 Ill. App. 2d 146, 154 N.E.2d 875.) But, even if the defendant's contract of employment was for his life, he has not alleged in this case any agreement by the church that he was also to occupy the parsonage for the duration of his life.

■■ Labeling the defendant's occupancy of the parsonage as an emolument of the defendant's employment, as the form contract does, together with the omission of allegations by the defendant that the church was bound by any contractual provision to allow the defendant to occupy the parsonage for a definite term, requires us to conclude, as the court did in *Joppa*, that the defendant's occupation of the parsonage was incidental to his employment as pastor. As in *Joppa*, occupancy of the parsonage was part compensation for the defendant's services. And, as in *Crain*, the occupancy under these circumstances did not create a landlord and tenant relationship.

Thus, whether or not the church acted properly in terminating defendant's pastorate, the defendant was required to move when he was no longer employed as pastor and the church demanded possession of its premises. (*Joppa*; *Crain*.) If the defendant was wrongfully discharged, his remedy was an action for breach of contract.

The affirmative defenses were properly stricken as neither raised an adequate defense. Because the pleadings failed to raise any material fact issue, judgment was properly granted on the pleadings.

Judgment affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.