I. INTRODUCTION
In this case, plaintiff-appellant, Frank Rosen (hereinafter "Rosen") filed suit against Gulfshores, Inc. (hereinafter "Gulfshores") and Donald Farrell (hereinafter "Farrell") in the Circuit Court of Harrison County, alleging wrongful discharge, breach of duty of good faith and fair dealing, *Page 367 
failure to provide contractual incentives and benefits, intentional or negligent infliction of mental distress, and intentional interference with an employment relationship.
Gulfshores and Farrell moved to dismiss the complaint against them pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, citing the lack of an enforceable employment contract and the lack of personal jurisdiction, respectively.
After a hearing, the Circuit Court dismissed the case under Rule 12(b)(6) holding Rosen's employment terminable at will and rejecting his claim that a letter to Rosen from Gulfshores represented a binding employment contract. From this finding Rosen asserts:
 (1) The trial court erred in sustaining the defendants' motions to dismiss under Rule 12(b)(6).
 II. FACTS
On August 23, 1988, Gulfshores, a Mississippi Corporation, hired Frank Rosen as National Sales Director for its Gulf Shores area sales office. Donald M. Farrell, Gulfshores's Vice-President of Sales and Marketing and Rosen's immediate supervisor, confirmed Rosen's hiring by letter dated August 27, 1988. Gulfshores paid the moving and storage expenses to relocate Rosen from California to Mississippi to assume the Sales Director position. On November 6, 1988, Gulfshores terminated Rosen's employment citing poor job performance, particularly in the area of securing new business.[1]
Rosen claims that Farrell's confirmation letter constitutes an employment contract for the period of one year. Excerpts from the letter are as follows:
 Please accept this letter as confirmation of employment as the National Sales Director for Gulfshores Area Sales Office.
 Start Date: August 23, 1988.
 Annual Salary: $45,000
 Incentive: You will be part of the Area Sales Office Incentive which will consist of 28% of $.75 per roomnight consumed by the office. Incentives are paid monthly.
 Benefits: Individual Major Medical is paid for by Gulfshores. You have the option of adding family coverage at whatever the current cost.
 Moving Expenses: Moving and storage expenses will be paid by Gulfshores Hotel Management. Arrangements will need to be made through the corporate office.
 Housing: You will be allowed to live in our company house at # 1 Oakmont Place, Biloxi, MS through August 1989. Until you move into the home, in approximately 90 days, you will live in the hotel. You are responsible for personal LDPH and laundry. When you move into the home all other personal expenses will become your own.
 Frank, I am very dependent upon your abilities to produce $1,000,000 worth of new business in a year's time. Your only priority is to produce; very simple and nothing to get in your way.
 Plan on working hard, having fun, and eventually moving on into the General Managers position you seek after you have done the job we've discussed.
 I'll always be available when you need help, a kick in the ass and shot in the arm when deserved.
(Emphasis added).
On November 3, 1989, Rosen sued Gulfshores and Farrell alleging that he was, among other things, wrongfully discharged under the terms and provisions of a one-year employment contract. On January 4, 1990, Gulfshores filed a Rule 12(b)(6) motion to dismiss alleging that the employment relationship between the parties was terminable at will because the contract was not for a fixed period of time. Farrell moved to dismiss pursuant to Rule 12(b)(6) for lack of personal jurisdiction because he now lives in Tennessee. On July 10, 1990, *Page 368 
the Circuit Court granted both defendants' motions to dismiss and from that ruling Rosen appeals.
 III. ISSUE The trial court erred in sustaining the defendants' motions to dismiss pursuant to Miss.Rule.Civ.Pro. 12(b)(6). 1.
A motion pursuant to Rule 12(b)(6) of the Miss.Rules of Civ.Pro. (1992) tests the legal sufficiency of the complaint.Comment, Rule 12, Miss.Rules.Civ.Pro. (1992). "To grant a 12(b)(6) motion, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim." Martin v. Phillips,514 So.2d 338, 340 (Miss. 1987). See also Carpenter v. Haggard,538 So.2d 776, 777 (Miss. 1989); Lester Eng. v. Richland Water Sewer Dist., 504 So.2d 1185, 1187 (Miss. 1987); Busching v.Griffin, 465 So.2d 1037, 1039 (Miss. 1985).
 The final sentence of Rule 12(b) states: If, on a motion to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 . . . (Emphasis added)
Since the letter from Farrell to Rosen has been admitted into evidence, the standard applied to the defendants' 12(b)(6) motions is the same as that for a motion for summary judgment under Miss.Rule Civ.Pro. 56.
This court conducts de novo review of a trial's grant of summary judgment. Short v. Columbus Rubber and Gasket Co.,535 So.2d 61, 63 (Miss. 1988); Pearl River County Bd. of Supervisorsv. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984). In analyzing a summary judgment motion, the trial court must review all of the evidentiary matters before it. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be granted in his favor. Otherwise, the motion should be denied.Miss.Rule Civ.Pro.Rule 56(c); Short, 535 So.2d at 63; Dennisv. Searle, 457 So.2d 941, 944 (Miss. 1984). The burden of demonstrating that no genuine issue of material fact exists is on the moving party. In other words, the non-movant should be given the benefit of every reasonable doubt. Short, 535 So.2d at 63-64; Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986).
 2.
Mississippi follows the common law rule that a contract of employment for an indefinite amount of time may be terminated at the will of either contracting party. Perry v. Sears, Roebuck Co., 508 So.2d 1086, 1088 (Miss. 1987); Shaw v. Burchfield,481 So.2d 247, 253-254 (Miss. 1985); Kelly v. Miss. Valley GasCo., 397 So.2d 874, 874-875 (Miss. 1981). Mississippi has followed this rule since 1858. See, e.g. Kelly, 397 So.2d at 875; Montgomery Ward Co. v. Skinner, 200 Miss. 44,25 So.2d 572 (1946); Rape v. Mobile O.R. Co., 136 Miss. 38, 100 So. 585 (1924); Butler v. Smith Tharpe, 35 Miss. (6 Geo.) 457 (1858).
In determining whether a contract of employment contains a definite term, the language employed in the writing is the surest guide to what was intended. Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985). Vagueness and ambiguity found in the writing is generally construed more strongly against the party preparing the writing. Kight v. Sheppard Bldg. Supply, Inc., 537 So.2d 1355, 1358 (Miss. 1989).
While many jurisdictions recognize the principle that a hiring at a specific sum per week, month or year is no more than an indefinite hiring, see, e.g., Walker v. Modern Realty ofMissouri, Inc., 675 F.2d 1002 (8th Cir. 1982); Bethany ReformedChurch of Lynwood v. Hager, 84 Ill. App.3d 684, 40 *Page 369 
Ill.Dec. 392, 406 N.E.2d 93 (1980); Sullivan v. HeritageFoundation, 399 A.2d 856 (D.C.App. 1979); Singh v. CitiesService Oil Co., 554 P.2d 1367 (Okla. 1976); Henkel v.Educational Research Council of America, 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118 (1976); Horizon Corp. v. Weinberg,23 Ariz. App. 215, 531 P.2d 1153 (1975); Russell Axon v.Handshoe, 176 So.2d 909 (Fla.App. 1965), see generally Annot.60 A.L.R.3d 226; 53 Am.Jur.2d, Master and Servant § 29, this court has never directly addressed the question. Rosen, however, is not claiming that an "annual" salary alone points to a definite term. Instead, he claims that the annual salary plus
other references to "a years time" make the letter an employment contract with a definite term of one year.
Even if a definite term cannot be gleaned from the writing itself, there is some support, although weak support, for the proposition that this court can consider the extent to which an employee has detrimentally relied on a writing in determining whether an enforceable employment contract has been formed. The doctrine of "additional consideration" has never been applied in Mississippi but has been collaterally discussed in two old Mississippi Supreme Court decisions. In Rape v. Mobile O.R.Co., 136 Miss. 38, 100 So. 585, 588 (1924), this court stated:
 It may be said to be the established rule that want of mutuality of obligation will not render a contract of employment unenforceable if it is supported by an independent consideration, that is, a consideration other than the obligation of service to be performed on the one hand and wages to be paid on the other; but we think the correct rule deducible from the foregoing authorities, as well as many others, is that a contract for permanent employment which is not supported by such independent consideration is terminable at the pleasure of either party.
Rape was cited and followed in Masonite Corp. v. Handshoe,44 So.2d 41, 43 (Miss. 1950).
 3.
Rosen points to three references in Farrell's letter which indicate an employment contract with a definite term of one year. First, an annual salary is given. Second, Rosen is allowed to live in Gulfshores's housing from August 1988 until August,1989. Finally, Rosen's job turns on his ability to generate new business in a years time. Gulfshores argues that Farrell's letter is nothing more than what the letter says it is, a "confirmation" letter.
In an employment contract case very similar to the case subjudice, this court reversed the trial court's grant of summary judgment in favor of the employer. In Short v. Columbus Rubber Gasket Co., 535 So.2d 61 (Miss. 1988), Roger Short was elected President of Columbus Rubber Gasket Co. by resolution of the corporation's board of directors. The resolution stated that Short was to be elected "for the ensuing year." Id. at 64. Another board resolution stated "that an annual salary [was to] be paid to the president of the corporation in the amount of $72,000.00." Id. at 65. In addition, Short alleged that he received oral assurances from board members, contractual in nature, setting his term as president for one year. Id. at 65. Based on these sparse facts, this court held that Short had made out a genuine issue of material fact of the existence vel non
of a one year oral contract of employment. Id. at 65. In determining what proof was sufficient to raise a genuine issue of material fact, this court in Short stated:
 At the very least, controverted testimony regarding the contemplated length of employment creates an issue of fact as to the existence of an oral contract for a definite term vel non, precluding summary disposition.
Id. at 64.
This court finds that the facts of the instant case, even more so than the facts in Short, compel a reversal of the trial court's grant of Gulfshores's 12(b)(6) motion. The trial court basically holds that a man who is enticed to move 1000 miles on promises of an annual salary, free housing for a year, and a job measured by the amount of *Page 370 
sales he can produce in a years time, does not have a cause of action after being fired from his job after only three months. Viewing the evidence in the light most favorable to Rosen, and giving Rosen the benefit of every reasonable doubt, there is a genuine issue of fact that should go to the jury. Considering Rosen's argument that "additional consideration" was also given, failure to at least send this case to trial creates an even more egregious error. This court holds that there is reversible error here that necessitates a reversal and remands for trial.
 4.
Finally, the trial court properly held that Farrell is subject to its jurisdiction under this state's long-arm statute, but dismissed Farrell because it found that Rosen did not have a cause of action. Farrell did not assign the issue of lack of personal jurisdiction on appeal. On remand, the trial court must address Rosen's claim against Farrell as to intentional interference of contract.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, PITTMAN, BANKS and ROBERTS, JJ., concur.
McRAE, J., not participating.
[1] The record does not provide any evidence to substantiate Gulfshores's claim that Rosen performed his job poorly. The trial court dismissed Rosen's suit before this information could be obtained.