[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS' TO DISMISS AND/OR SUMMARY JUDGMENT
CT Page 9779
The defendants have filed a motion to dismiss or in the alternative a motion for summary judgment. The plaintiffs in their complaint claim to be owners of premises at 1083 Main Street in Glastonbury. The complaint goes on to allege that the defendants, former owners of the `premises, occupied the premises' without a rental agreement; alleges a fair rental value; and further claims the defendants have failed to pay any use and occupancy.
The plaintiffs claim ownership interest by means of a transfer of the property by a Trustee in Bankruptcy. The defendants argue that the plaintiffs are not owners of this property. The defendants "vigorously dispute the legal effect of a Trustee's Deed from a Bankruptcy Trustee, since it was not issued pursuant to 11 U.S.C. § 363 which is the sole provision allowing trustees to sell or otherwise transfer property." In a footnote it is claimed that this dispute is the subject of a pending foreclosure action brought by the plaintiffs in the Rockville Superior Court. The defendants then argue that a person is entitled to use and occupancy only if he or she is an owner and since the ownership claim has not been adjudicated and is still pending in the previously mentioned suit any use and occupancy claim is not ripe. In fact the ownership claim in this case "seemed to be inconsistent" with the plaintiffs' request to foreclose the mortgage in that case. Also in that action a motion for summary judgment with regard to their ownership was denied.
However, a reading of the memorandum of decision in the foreclosure action indicates that Judge Shaughnessey explicitly did not reach the question of ownership and determined the issue would have to be resolved at trial. An examination of the plaintiffs' exhibits makes clear that the Bankruptcy Judge in fact transferred the Trustee's interest in these premises to the plaintiffs (see par. 7 of Trustee's motion to compromise claim and order of Bankruptcy Judge, Ex. N.). The defendants do not articulate why this order of the bankruptcy court is legally ineffectual. A reading of the complaint filed in the action filed by the plaintiffs in Rockville indicates CT Page 9780 that in paragraphs 14 through 16 of that complaint they claim to be owners of the property so their position in that suit doesn't appear to be inconsistent with the claim made here.
Also the fact that an ownership claim hasn't been adjudicated in another pending action seeking one form of relief and that same ownership issue forms the basis of the different claim for relief made in this case doesn't mean this case is not "ripe" for adjudication. All it means is that perhaps the cases should be consolidated or one case will be tried before the other and the result will affect the outcome of the second case. Certainly the court has subject matter jurisdiction to hear the claim presented here.
The defendants also claim that § 47a-3c C.G.S. A does not provide recovery for fair rental value since their is no claim in the complaint of a landlord/tenant relationship between the parties. A prerequisite to the statute's application is that there has been a landlord/tenant relationship which was then converted to a tenancy at sufferance thereby creating an obligation in the defendants to pay use and occupancy.
But as the plaintiffs note an action under the statute is not the only source of a duty to pay use and occupancy. Reading the pleadings in a manner most favorable to the plaintiffs they can be said to seek recovery in trespass In such an action the entry and remaining on these premises if they belonged to the owner would constitute a trespass by the defendants. Champion v. Hart Shorne, 9 Conn. 564,568 (1833). If in fact at trial they prove their ownership the plaintiffs would be entitled to ask for money damages which would be nominal damages or special damages to include use and occupancy, Orenthchermain v. Matarese,99 Conn. 122, 127, 128 (1923). All this is enough of a basis for the court to conclude that there are material facts in issue and this case should be resolved by trial. The motion is denied.
Corradino, J. CT Page 9781