DONALD J. LADESIC, Plaintiff-Appellant, v. SERVOMATION CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 85—1470

Opinion filed January 29, 1986.

Jerome Marvin Kaplan, of Chicago (Linda S. Kagen, of counsel), for appellant.

Robert B. Ulrich, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, and Mark E. Lutz, of Denlinger, Rosenthal & Greenberg, and Wilbur L. Collins, of Taft, Stettinius & Hollister, both of Cincinnati, Ohio, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Donald J. Ladesic, filed an action in four counts for damages allegedly caused by his wrongful termination from employment with defendant Servomation Corporation. The trial court granted defendants' motion to dismiss the entire complaint. Plaintiff appeals only the dismissal of count I alleging Servomation's breach of an oral contract for permanent employment, and count III alleging the individual defendants' inducement of breach of contract.

Count I contained the following allegations. Servomation, a food catering company, employed plaintiff as sales director of educational accounts. Servomation communicated a policy of guaranteed job security to its employees, with discharge occurring only for good cause. In November 1982, a competing food catering company offered employment to plaintiff with more benefits. Plaintiff informed Servomation of his intention to accept the offer, but top management personnel convinced plaintiff to remain at Servomation.

The complaint went on to state that plaintiff and Servomation entered into an "oral and implied" contract for employment; that the contract terms required plaintiff to reject the competing company's offer of employment; that in exchange, Servomation gave plaintiff permanent employment, to end only if plaintiff retired or gave four weeks' notice, or if Servomation found that plaintiff was performing unsatisfactorily; and that, on April 16, 1984, Servomation discharged

plaintiff without any justification.

Count III of the complaint alleges that three Servomation employees, defendants Sam Ranieri, John Tomlin and Jim Kern, undermined plaintiff's efforts to perform satisfactorily, knowing this would result in plaintiff's termination; and that the three employee's actions included informing plaintiff they planned to "clip his wings," attacking his sales proposals, conspiring to keep plaintiff's sales quota too high to allow for his satisfactory performance, eliminating experienced managers who might "out-perform them" and causing plaintiff's sales output to decrease from $4,000,000 per year to $150,000.

■ Under certain circumstances, an oral agreement for permanent employment is enforceable in Illinois if there is both a clear and definite agreement and sufficient consideration. (*Titchener v. Avery Coonley School* (1976), 39 Ill. App. 3d 871, 350 N.E.2d 502.) The primary issue before us is whether sufficient consideration supports the alleged oral contract for permanent employment. A split exists in Illinois authority on the question of whether foregoing another employment opportunity sufficiently supports a promise of permanent employment.

In *Heuvelman v. Triplett Electrical Instrument Co.* (1959), 23 Ill. App. 2d 231, 161 N.E.2d 875, this court affirmed a grant of summary judgment for the employer, stating at page 236 that "[i]t is not sufficient consideration for a contract of permanent employment to forego another employment opportunity." There, the employee alleged that he rejected an offer from a competitor in exchange for defendant's oral promise of permanent employment.

In *Titchener v. Avery Coonley School* (1976), 39 Ill. App. 3d 871, 350 N.E.2d 502, this court again affirmed a summary judgment for the defendant employer, finding at page 875 that there was not "special bargained for detriment to plaintiff as consideration for the alleged promise" of permanent employment. In *Titchener*, the employee alleged that she had relinquished her tenured position with another school partially in exchange for defendant's oral promise of permanent employment.

In *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 440 N.E.2d 998, the court departed from this rule. Without citing *Titchener*, the *Martin* court stated that the *Heuvelman* rule had "not been analyzed or reviewed in later Illinois cases," and that the rule was "overbroad" and "a misstatement of the consideration concept." (109 Ill. App. 3d 596, 601, 440 N.E.2d 998.) "Notwithstanding the *Heuvelman* dictum that it is insufficient consideration to forego other employment opportunities, we believe that when the employee gives

up another offer in exchange for and in reliance upon the employer's promise of permanent employment that contract, if proved, is enforceable." 109 Ill. App. 3d 596, 602-03, 440 N.E.2d 998.

The *Martin* court reasoned that sufficient consideration exists because the employer agrees to relinquish its right to terminate plaintiff at will in exchange for the retention of a valuable employee. We find this reasoning to be faulty because it merely portrays the employee promising to give the employer the "retention of a valuable employee," and does not show the employee surrendering anything of value. Initially we note that the employees in *Martin* and in the present case made no such promise, alleging instead that they were free to leave the employer at any time. Furthermore, even when an employee does make such a promise he suffers no detriment. Plaintiff must allege a sacrifice in reliance on the employer's promise. (See *Smith v. Board of Education* (7th Cir. 1983), 708 F.2d 258.) Moreover, a satisfactory performance contract may be terminable at will when the satisfaction is measured subjectively. (*Kendall v. West* (1902), 196 Ill. 221, 63 N.E. 683; *Ray v. Georgetown Life Insurance Co.* (1981), 94 Ill. App. 3d 863, 419 N.E.2d 721; see also *Gordon v. Matthew Bender & Co.* (N.D. Ill. 1983), 562 F. Supp. 1286.) Thus, the employer also would be sacrificing nothing.

The *Martin* court also opined that sufficient consideration exists because the employee agrees to relinquish his right to accept a more lucrative position in exchange for job security with his present employer. We also find this reasoning to be faulty because the employee is not rejecting a more lucrative position. Instead, he is merely comparing the benefits of one position with another, since any employee accepting one job offer necessarily rejects others. *Smith v. Board of Education* (7th Cir. 1983), 708 F.2d 258; *Heuvelman v. Triplett Electrical Instrument Co.* (1959), 23 Ill. App. 2d 231, 161 N.E.2d 875.

The *Martin* court reasoned further that the rule requiring additional consideration, apart from the exchange of service for wages, to support a permanent employment contract is a misconception. "It is actually a rule of convenience to be applied if the parties' intent regarding the permanent nature of employment is not clear. If the parties' intention is clearly manifested there is no requirement for 'additional' consideration." (*Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 602, citing *Eilen v. Tappin's, Inc.* (1951), 16 N.J. Super. 53, 83 A.2d 817; *Eggers v. Armour & Co.* (8th Cir. 1942), 129 F.2d 729 (construing Iowa law).) We do not agree. To hold that the parties' "clearly manifested" intention is a substitute for consideration would quickly lead to the abolishment of the consideration require-

ment. We know of no Illinois law permitting us to find that the requirement of consideration in an oral contract for permanent employment is a rule of convenience which a court can choose to use at some arbitrary point. Moreover, the requirement of a clear intent to make a contract actually addresses the existence of the employment agreement, not the existence of consideration. The contract, assuming it exists, is unenforceable if no valid consideration is alleged. The plaintiff must prove the existence of both adequate consideration and definite and certain promises. See *Gordon v. Matthew Bender & Co.* (N.D. Ill. 1983), 562 F. Supp. 1286; *Titchener v. Avery Coonley School* (1976), 39 Ill. App. 3d 871, 350 N.E.2d 502.

■ Federal courts construing Illinois law on the issue have also followed the *Heuvelman-Titchener* rule requiring consideration, and have not followed *Martin*. In *Smith v. Board of Education* (7th Cir. 1983), 708 F.2d 258, the court affirmed the trial court's dismissal of a complaint alleging an oral contract for lifetime employment, stating at page 263 that "[u]nder Illinois law an oral promise of permanent employment given in exchange for a promise to work is unenforceable." In *Gordon v. Matthew Bender & Co.* (N.D. Ill. 1983), 562 F. Supp. 1286, the court dismissed plaintiff's count alleging the breach of an oral contract for continued employment. The *Gordon* court addressed the *Martin* holding in a footnote, noting *Martin's* criticism of *Heuvelman* and failure to cite *Titchener*. We are in agreement with the holdings of *Heuvelman* and *Titchener* and with these Federal decisions. We hold that plaintiff's failure to demonstrate valid consideration for the alleged permanent employment contract required dismissal of count I of his complaint.

■ Plaintiff also appeals the dismissal of count III alleging tortious interference with his contractual relationship with Servomation. An essential element of this tort is the existence of a valid and enforceable contract. (*Pfendler v. Anshe Emet Day School* (1980), 81 Ill. App. 3d 818, 401 N.E.2d 1094.) Because we find the contract is invalid, we also find that the trial court properly dismissed the tort cause of action.

In view of our holding, we need not address the Statute of Frauds argument raised by defendants.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.