909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert JAMES, Plaintiff-Appellant,
v.
CAP GEMINI AMERICA, INC., Defendant-Appellee.
 No. 89-2429.
 United States Court of Appeals, Seventh Circuit.
 Argued May 10, 1990.
Decided Aug. 7, 1990.
 
 Before COFFEY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert James appeals from the district court's grant of summary judgment to defendants in this diversity of citizenship action challenging his termination of employment as violative of his employment contract. Because we are in agreement that James' proferred contractual documents do not contain a promise of a definite term of employment sufficient to overcome the presumption of an at-will relationship, we affirm the judgment of the district court based on Judge Aspen's thoughtful and well-reasoned Memorandum Opinion and Order, attached hereto as Appendix A.
 
 APPENDIX A
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 2
 No. 88 C 0917.
 
 
 3
 March 21, 1989.
 
 MEMORANDUM OPINION AND ORDER
 MARVIN E. ASPEN, District Judge:
 
 4
 Plaintiff Robert James brings this action charging CAP Gemini America, Inc. ("Gemini") with breach of contract, slander and interference with business relationship arising out of Gemini's termination of James. The parties have filed cross-motions for summary judgment. For the reasons set forth below, Gemini's motion for summary judgment is granted, and James' motion is denied.
 
 I.[1]
 
 5
 In March 1987, James and Richard E. Earley, Senior Vice President of Gemini, entered into an oral employment agreement. They memorialized the agreement and its terms in a letter dated May 1, 1987, which stated as follows:
 
 Dear Bob:
 
 6
 I am pleased to offer you a position with CAP GEMINI AMERICA as a consultant with our Value Added Services Branch located in Des Plaines. Your gross earnings will be $2,500 every 2 weeks or $65,000 on an annual basis. The position also includes an automobile allowance of $115.38 per payroll period. On an annualized basis that is the equivalent of $250 per month.
 
 
 7
 Your start date with the company is May 4, 1987. At that time we will explain in detail the employee benefits package, the 401(K) plan, and medical and dental insurance plans.
 
 
 8
 Your efforts and those of Liz Albert in the Systems Programmer, Data Communications, Telecommunications and Networking areas will be closely monitored between now and January 1, 1988. If at that time you have generated $450,000 in revenue and $135,000 (30%) net profit you each will be eligible for a $2,500 bonus. An additional bonus will be paid on dollars above the 30% net profit.
 
 
 9
 Bob, CAP GEMINI is anxiously awaiting you getting us involved in a new and exciting service. Your future is only limited by your ability to develop this business at good margins.
 
 
 10
 Welcome Aboard!
 
 Sincerely
 
 11
 /s/ Richard E. Earley
 
 Senior Vice President
 
 12
 On May 4, James signed the letter and additionally wrote "I accept your offer of employment." James' employment with Gemini did not last until the January 1 bonus review, for he was terminated on August 19, 1987.
 
 
 13
 James charges in this action that the termination prior to January 1 constituted a breach of the employment contract as set forth in the May 1 letter (Count I) and seeks an accounting to determine the revenue which James would have generated had he continued employment through January 1 (Count III). James additionally charges slander and interference with business relationship arising out of Gemini's threatening legal action against another company if it negotiates a contract with James (Count II). Gemini moves for summary judgment on Counts I and III, contending that the May 1 letter establishes that Gemini never agreed to continue to employ James for any specific duration. James moves for summary judgment solely on the issue of whether the letter by itself or along with extraneous evidence establishes such an employment contract.
 
 II.
 
 14
 To state a cause of action under Illinois law[2] for breach of an employment contract that guarantees permanent employment, the plaintiff must overcome the presumption of an employment-at-will relationship by alleging a promise of permanent employment and valid consideration. Hindley v. Seltel, Inc., 672 F.Supp. 1093, 1095 (N.D.Ill.1987); Ladesic v. Servomation Corp., 140 Ill.App.3d 489, 488 N.E.2d 1355 (1st Dist.1986). The promise as alleged must be clear and definite. Titchener v. Avery Coonley School, 39 Ill.App.3d 871, 350 N.E.2d 502 (2d Dist.1976). An offer of a specific annual salary or performance commission does not constitute such a promise. Medina v. Spotnail, Inc., 591 F.Supp. 190, 197 (N.D.Ill.1984); Palmateer v. International Harvester Co., 85 Ill.App.3d 50, 406 N.E.2d 595, 597 (3d Dist.1980), rev'd on other grounds, 85 Ill.2d 124, 421 N.E.2d 876 (1981); Bethany Reformed Church of Lynnwood v. Hager, 84 Ill.App.3d 684, 406 N.E.2d 93, 95 (1st Dist.1980). Nor does a promise of an annual bonus to be calculated at a future date based on performance or an annual review. Medina, 591 F.Supp. at 197; Mann v. Ben Tire Distributors, Ltd., 89 Ill.App.3d 695, 411 N.E.2d 1235, 1237 (4th Dist.1980) (stating generally that "[a] time span for financial reckoning is not to be equated with duration of employment.").
 
 
 15
 With these guiding principles, it is clear that the May 1 letter does not contain an express or implicit promise of employment until January 1. James relies primarily on two statements to support his contention to the contrary: the bonus provision and that his "future is only limited by [his] ability to develop this business at good margins." Whether viewed together or separately, they do not establish an employment contract of specific duration. As set forth earlier, case law holds that a promise of a bonus accompanied by a detailed computation method does not create a contractual obligation to employ for a specific period of time. The final sentence in the letter cannot be considered anything more than a hope or expectation that the employment relationship will continue. Cf. Buian v. J.L. Jacobs & Co., 428 F.2d 531, 533 (7th Cir.1970) (finding that the following employer's statement was mere expectation and not a promise of employment for specific duration: "It is scheduled that your assignment in Saudi Arabia will continue for a period of eighteen (18) months."); Payne v. AHFI/Netherlands, B.V., 522 F.Supp. 18, 22 (N.D.Ill.1980) (finding similarly as to the statement: "It is expected that the employee will remain in the foreign post for the duration of the project which is expected to be approximately two (2) years."). Since the written contract does not contain a clear and definite promise of employment until January 1, the presumption is that Gemini did not incur any such contractual obligation.[3] Extraneous evidence to prove otherwise is not to be considered. Western Ill. Oil Co. v. Thompson, 26 Ill.2d 287, 186 N.E.2d 285 (1962). Accordingly, summary judgment in Gemini's favor is warranted.
 
 Conclusion
 
 16
 For the reasons set forth above, CAP Gemini's motion for summary judgment on Counts I and III is granted, and James' motion for summary judgment is denied. The parties are to report their intentions as to Count II at the March 31 status.[4] It is so ordered.
 
 
 
 [1]
 Except as noted otherwise, the following facts are undisputed for purposes of these motions
 
 
 [2]
 The parties do not dispute that Illinois substantive law governs this diversity action
 
 
 [3]
 In support of his position, James relies primarily on two decisions--Miller v. Community Discount Centers, Inc., 83 Ill.App.2d 439, 228 N.E.2d 113 (1st Dist.1967), and Scaramuzzo v. Glenmore Distillers Co., 501 F.Supp. 727 (N.D.Ill.1980). Neither militates for a conclusion other than ours here. In Miller, the court found a contract of specific duration primarily in the employer's statement "Regarding moving expenses, we will pay one-half now and the balance after one year." 228 N.E.2d at 115. Gemini never made such a statement, and, to the extent that the promised bonus can be considered similar to the statement made in Miller, the courts have implicitly rejected the analogy. As to Scaramuzzo, unlike there, in which the court held that the actual terms of the employment contract were not memorialized and remained at issue, 501 F.Supp. at 732, we have in the May 1 letter a statement of terms that James admits is complete
 
 
 [4]
 Gemini contends in in its memorandum in support of summary judgment that James' attorney represented that he will voluntarily withdraw Count II. James has not made any such representation to the court nor filed an appropriate motion