A. Lawrence FARR, Plaintiff,

v.

CONTINENTAL WHITE CAP, INC., a Delaware Corporation, Continental Can Co., Inc., an Illinois Corporation, and Continental Group, Inc., a Delaware Corporation, Defendants.

No. 90 C 4521.

United States District Court,
N.D. Illinois, E.D.

Oct. 7, 1991.

Timothy G. Hagan, Beth M. Rivers, Donnelly, Huizenga, Wahl, Hagan, & Hergt, P.C., Detroit, Mich., Elizabeth Hubbard, Elizabeth Hubbard, Ltd., Chicago, Ill., for plaintiff.

Fredrick H. Bates, Edwin C. Thomas, III, Bell, Boyd & Lloyd, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

On April 30, 1991 the court entered an order granting defendants' ("White Cap's") motion for summary judgment. 762 F.Supp. 814. Plaintiff Farr filed a motion to reconsider on May 17, 1991. The court also asked the parties to file supplemental briefs discussing whether, in light of *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991), Farr filed a timely discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). The court will now address these motions.

Upon further review, the court finds that Farr did file a timely complaint with the EEOC. His claim accrued on September 23, 1988 and he filed his charge 292 days later on July 11, 1989. Thus, his filing was within the 300–day limit used in Illinois.

■ The accrual date for a discrimination claim is the date that "plaintiff discovers that he has been injured." *Cada,* 920 F.2d at 450; *Webb v. Indiana Nat'l Bank,* 931 F.2d 434, 436 (7th Cir.), *reh'g denied,* 1991 WL 67056, 1991 U.S.App. LEXIS 13204 (7th Cir.1991). It is clear to the court that Farr did not know of his injury until September 23, 1988. Although Farr met with managers and executives of White Cap on August 17, 1988, they did not sufficiently inform him of his options on that date. Farr only knew that he could retire early or transfer to an unidentified position. It was not until his meeting with Peter Browning on September 23, 1988 that Farr learned that the unidentified position was a demotion. On September 23, Browning told Farr that Farr would only be servicing one account in the new position and that he would be reporting to a regional manager. Farr learned that he would not be eligible for future promotions or further salary increases in the position. (Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, Affidavit of A. Lawrence Farr at 4.) Since the true nature of Farr's situation did not become clear until September 23, the court finds that September 23, 1988 is the date Farr discovered his injury. As this date is the one of discovery, the doctrines of equitable estoppel and tolling need not be addressed here.

■ In his motion to reconsider, Farr asks that the court review its decision granting summary judgment in favor of White Cap on the age discrimination count. Farr claims that he has evidence which shows that the reasons given by White Cap are pretextual. Farr points to the fact that four regional managers within the same age group as Farr were demoted or forced out of the company after Peter Browning took over as president. Farr also proffers statistical data on proposed company-wide terminations. That data shows that 40 of the 54 employees slated for termination in the company were over 40 years of age. And, in the sales and marketing department where Farr was working, 7 of the 8 employees set for termination were over 50 years of age. While this evidence is by no means conclusive, it is sufficient to raise a

genuine issue of material fact as to whether Farr's termination was more likely motivated by age or the reorganization being implemented by White Cap. Accordingly, the court vacates its decision granting summary judgment in favor of White Cap on the age discrimination claim.

Because Farr's age discrimination claim is viable, the court also has jurisdiction over his state law claim. In Count Two of his complaint, Farr alleges that White Cap breached a promise of continued employment. In its previously filed motion, White Cap sought summary judgment on this count. It is White Cap's argument that the alleged promise of continued employment is barred by the Statute of Frauds or, in the alternative, that the promise lacks sufficient specificity, consideration and/or mutuality to be enforceable.

■ The Statute of Frauds bars an oral employment contract which cannot be fully performed within one year of its making. The possibility that an employee may die or resign within the one year does not usually save an otherwise unenforceable contract. *Brudnicki v. General Elec. Co.*, 535 F.Supp. 84, 86 (N.D.Ill.1982). In those two situations, the contract does not end because it is fully performed but, rather, because it is prematurely terminated.

■ In this case, Farr alleges that Browning promised that he, Farr, could remain with White Cap as long as he desired. That promise of employment is one which can be satisfied within one year. If Farr did not want to be employed after a year or less, he could leave and his contract will have been fully performed. In that sense, the promise allegedly made to Farr is similar to the offer made to Martin in *Martin v. Fed. Life Ins. Co.*, 109 Ill.App.3d 596, 65 Ill.Dec. 143, 146, 440 N.E.2d 998, 1001 (1982). Federal Life promised to retain Martin until he "retired from all business pursuits or no longer wished to be employed at Federal." The court in *Martin* found that the Statute of Frauds did

not bar such a promise. Here, the court also finds that the Statute of Frauds does not bar the promise made to Farr. Although it may be better policy to put a permanent employment contract into writing, the absence of a writing should not necessarily foreclose a claim on an oral contract.

■ "To be valid, an oral contract for permanent employment needs to contain a clear and definite agreement and be supported by sufficient consideration." *Koch v. Illinois Power Co.*, 175 Ill.App.3d 248, 124 Ill.Dec. 461, 464, 529 N.E.2d 281, 284 (1988), *appeal denied*, 124 Ill.2d 555, 129 Ill.Dec. 150, 535 N.E.2d 915 (1989). White Cap contends that the promise allegedly made to Farr is lacking in all these respects. First, White Cap claims that the "alleged assurances were not specific or concrete enough to create a binding contract." The court disagrees. Illinois law merely requires that the "alleged promise [be] 'clear enough that an employee would reasonably believe that an offer has been made.'" *Tolmie v. United Parcel Service, Inc.*, 930 F.2d 579, 581 (7th Cir.1991) (quoting *Duldulao v. Saint Mary of Nazareth Hosp. Center*, 115 Ill.2d 482, 106 Ill.Dec. 8, 12, 505 N.E.2d 314, 318 (1987)). Browning's alleged words to Farr were specific enough: Farr could remain with White Cap as long as he desired. Those words were more than assurances of goodwill or the hope for continued association. *Titchener v. Avery Coonley School*, 39 Ill.App.3d 871, 350 N.E.2d 502, 507 (1976). Therefore, the promise does not fail on that score.

■ However, the promise does fail for lack of consideration. Farr claims that in reliance on Browning's promise he forewent another job opportunity.[1] A host of Illinois courts have held that "foregoing a position is not adequate consideration." *Koch*, 124 Ill.Dec. at 465, 529 N.E.2d at 285; *Heuvelman v. Triplett Electrical Instrument Co.*, 23 Ill.App.2d 231, 161 N.E.2d 875, 878 (1959); *Smith v. Board of Educ. of Urbana School Dist. No. 116*, 708 F.2d 258, 264 (7th Cir.1983); *Tolmie*, 930 F.2d at 582. They have reasoned that an

---

**1.** Supposedly, Farr had been offered a job in 1986 by Star Container. Farr went to Browning and discussed the situation. As a result, Browning allegedly made the promise of continued employment. Farr claims that he passed up the job offered by Star because of Browning's promise.

employee has suffered no detriment in passing up a potential job offer. That employee is merely choosing one position over another. *Koch,* 124 Ill.Dec. at 465, 529 N.E.2d at 285; *Ladesic v. Servomation Corp.,* 140 Ill.App.3d 489, 95 Ill.Dec. 12, 14, 488 N.E.2d 1355, 1357 (1986); *Smith,* 708 F.2d at 264. Farr cites *Martin v. Fed. Life Ins. Co.,* 109 Ill.App.3d 596, 65 Ill.Dec. 143, 440 N.E.2d 998 (1982) in support of his position. *Martin,* though, appears out of step with similar cases that have been decided by Illinois appellate courts. The court thus rejects the reasoning of *Martin.*[2]

▮ Even if consideration is lacking, mutuality may still save the contract. Unfortunately, mutuality is also lacking here. Farr claims that the promised employment was to last for as long as he, Farr, desired. Mutuality does not exist where the employer is obliged to employ the employee indefinitely, but the employee may leave whenever he desires. *Brian v. J.L. Jacobs & Co.,* 428 F.2d 531, 533 (7th Cir.1970); *Koch,* 124 Ill.Dec. at 465, 529 N.E.2d at 285. Even taking the facts in the light most favorable to the non-moving party (Farr), the promise allegedly made to Farr fails because of lack of consideration and mutuality. The court grants summary judgment in favor of White Cap on Farr's breach of promise claim.

In summation, the court vacates its previous decision to grant summary judgment in favor of White Cap on the age discrimination claim. However, the court does find that summary judgment should be granted in favor of White Cap on Count Two of Farr's complaint, the breach of promise claim. Accordingly, Count One of the complaint is reinstated and judgment is granted in favor of White Cap on Count Two.

IT IS SO ORDERED.

▮

---

**2.** Although *Kula v. J.K. Schofield & Co., Inc.,* 668 F.Supp. 1126, 1132 (N.D.Ill.1987), appears to follow *Martin,* the court in *Kula* was also persuaded by the fact that the employee was *solicited* with a promise of permanent employment to leave his former position and accept the new opportunity. *See also LaMaster v. Chicago & N.E. Ill. Dist. Council of Carpenters,* 766 F.Supp. 1497 (N.D.Ill.1991).