AD-EX, INC., *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)  No. 1—91—3847

Opinion filed May 26, 1993.

Thomas P. Sullivan, William A. Von Hoene, Jr., and Robert R. Stauffer, all of Jenner & Block, and Paul G. Simon, both of Chicago, for appellants.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal and Brian Trubitt, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiffs Ad-Ex and Universal Outdoor (Ad-Ex) appeal an order entered *nunc pro tunc* consolidating 34 suits in the circuit court after we heard consolidated appeals on five of the cases. Since the parties, the original trial court and this court in its prior appeal at all times treated the cases as consolidated, as evidenced by orders, pleadings and notices of appeals, and no prejudice attaches to any party, we affirm the *nunc pro tunc* order of consolidation and additionally note that Ad-Ex is estopped to deny the consolidation of these cases.

Ad-Ex brought 34 separate actions against defendant City of Chicago (City), challenging the constitutionality of defendant's ordinances regarding the location of outdoor advertising signs. Those suits were settled by a stipulation and agreement executed by the parties and a single agreed order listing each of the 34 cases.

Several months thereafter, the City sought to set aside the agreement and filed motions in that regard in certain cases, while Ad-Ex filed motions to compel the issuance of building permits. The trial court declined to set aside the settlement and ordered the City to issue the permits. Each order prepared and submitted by Ad-Ex bore the caption "No. 86 CH 4823 and other cases consolidated for settlement." Most of Ad-Ex's pleadings bore the caption "No. 86 CH 4823 and consolidated cases." Each notice of appeal, including Ad-Ex's notice, also bore a caption noting consolidation. Both parties' briefs filed in the appellate court bore this caption as well.

Plaintiff's actions were filed in 1985 and 1986, and assigned to various judges in the chancery division of the circuit court of Cook County. In August, 1986 Ad-Ex moved to consolidate the cases for the limited purpose of ruling on motions for summary judgment on one count of the 34 complaints, but the motion was never ruled upon.

In February 1989 Ad-Ex and the City appeared before the presiding judge of the chancery division with a stipulation and agreement and an agreed order, both of which were captioned with the numbers of each of the 34 cases. The presiding judge signed the original agreed order and initialed 33 photocopies, which were filed in each of the 34 cases. The agreement prohibited signs at certain locations but allowed them at other locations, provided that Ad-Ex comply with all other requirements.

On October 4, 1989, the City filed a motion to set aside the settlement agreement in "No. 86 CH 4821 (and consolidated cases)," and on November 2, 1989, the presiding judge entered an order, bearing the same caption, denying the motion. The judge also entered a separate order directing that three particular permits be issued if Ad-Ex complied with applicable laws, and that order also referred to "consolidated cases" in its caption. The City appealed the order denying its motion to set aside the settlement agreement.

This court later found the settlement agreement to be void *ab initio* (*Ad-Ex, Inc. v. City of Chicago* (1991), 207 Ill. App. 3d 163, 565 N.E.2d 669) (which we shall refer to as *Ad-Ex I*), finding that the circuit court had erred in denying the City's motion to vacate the settlement agreement. We found the agreement void because it went beyond the power of the City to grant a waiver to Ad-Ex of express requirements of the zoning ordinance without notice and a public hearing.

Additionally, when the City refused to issue permits for certain signs, Ad-Ex filed a motion to compel their issuance. Ad-Ex was granted the relief it sought and the order drafted by Ad-Ex's counsel referred to "No. 86 CH 4823 and other cases consolidated for settlement."

Upon Ad-Ex's violation of square-footage requirements, the City instituted administrative proceedings where Ad-Ex was found guilty at an *ex parte* hearing and its right to receive permits suspended. Ad-Ex filed a motion to stay the administrative proceedings which was captioned "No. 86 CH 4821 and consolidated cases." The trial court reversed the administrative hearing and entered an order with the same caption.

Ad-Ex later returned with a petition for rule to show cause when the City failed to issue the three permits involved in the November 2, 1989, order. Relief was granted by an order, captioned only "No. 86 CH 4821," although the substance of this order referred to three cases, 86 CH 4785, 86 CH 4794, and 86 CH 4773, each concerning a

different location. We shall later discuss these events in greater detail.

When the City appealed each of these adverse orders, at least one of its notices of appeal was captioned "No. 86 CH 4823 and other cases consolidated for settlement."

Subsequently, Ad-Ex petitioned for rehearing on the interpretation of the settlement agreement relating to the issue of double-faced signs, which was denied in an order captioned "No. 86 CH 4821, et al.," and marked final and appealable. When Ad-Ex appealed these orders on January 30, 1990, its notice of appeal was captioned "No. 86 CH 4821 (and Consolidated Cases)."

The five appeals described above were consolidated before us and the briefs of both parties were captioned "86 CH 4821 and Consolidated Cases."

In its petition for rehearing (also captioned No. 86 CH 4821 and consolidated cases"), Ad-Ex argued that this court lacked jurisdiction over the appeal because the orders appealed from were entered after the circuit court had already lost jurisdiction over the case. Ad-Ex argued the circuit court had no jurisdiction because the entry of the agreed order and the stipulation and agreement constituted entry of a final order from which no timely appeal had been taken.

In a supplemental opinion upon denial of rehearing, Justice Freeman, then a member of this court, stated that the parties, through their actions, had revested the circuit court with jurisdiction, and therefore, the trial court's November 2, 1989, order which denied the City's motion to set aside the agreement was the true final order dismissing the action and the appeal taken therefrom was properly reviewable. *Ad-Ex*, 207 Ill. App. 3d at 178.

The supplemental opinion noted that Ad-Ex argued that the "Stipulation and Agreement in the *34 consolidated suits*" (emphasis added) was more than merely a contractual arrangement between the parties. (*Ad-Ex I*, 207 Ill. App. 3d at 176.) Again Ad-Ex expressly refers to the prior consolidation of these cases and the *Ad-Ex I* opinion acknowledges that statement.

Ad-Ex then returned to the circuit court seeking reinstatement of 86 CH 4768, to which the City responded with a motion before the presiding judge to formally consolidate the 34 cases. The presiding judge of the chancery division entered an order memorializing *nunc pro tunc* that the judge presiding over the division at the time when the agreed order was entered had in fact consolidated the cases on February 24, 1989.

In entering the order of consolidation *nunc pro tunc*, the court observed:

> "The process followed by Judge Shields was the functional equivalent of consolidation. All parties have consistently viewed it as such.
>
> No party has been disadvantaged by it and no party will be prejudice[d] by a [nunc] pro tunc order which confirms and conforms the record, I should say, to the events which took place before Judge Shields.
>
> This action does not supply omitted judicial action, it merely corrects the written record by correcting a clerical error. Once that clerical error is corrected, the record is then made to reflect the reality of what was happening."

It is that order which Ad-Ex now appeals.

Ad-Ex contends that the *nunc pro tunc* order was invalidly entered because there were no actual orders to correct or memorialize.

We find the *nunc pro tunc* order properly memorialized the fact that the 34 suits were consolidated on February 24, 1989, when then-Presiding Judge Shields signed the single agreed order and initialed 33 copies, which were then entered in each of the 34 cases.

■ The purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the trial court; thus, it may not be used to supply omitted judicial action, to correct judicial errors, or cure a jurisdictional defect. *Beck v. Stepp* (1991), 144 Ill. 2d 232, 238, 579 N.E.2d 824; *Pagano v. Rand Materials Handling Equipment Co.* (1993), 249 Ill. App. 3d 995, 998; *Maywood-Proviso State Bank v. Lisle* (1992), 234 Ill. App. 3d 206, 214, 599 N.E.2d 481.

Judgements may be modified *nunc pro tunc* when the correcting order is based upon evidence such as a "note, memorandum or memorial paper remaining in the files or upon the records of the court," but the evidence must clearly demonstrate that the order being modified fails to conform to the decree actually rendered by the court. *Beck*, 144 Ill. 2d at 238; *Boughton Trucking & Materials, Inc. v. County of Will* (1992), 229 Ill. App. 3d 576, 578, 593 N.E.2d 1119.

In the present case, we find that the stipulation and agreement and agreed order of February 24, 1989, and the voluminous documents filed thereafter are the memorial documents upon which we conclude that the presiding judge predicated his consolidation of the 34 cases *sua sponte*. He signed a single order on that date and thereafter almost every order entered and pleading filed referred to the

cases as having been consolidated. The trial court found no party was prejudiced by the entry of the order of consolidation *nunc pro tunc*.

In establishing criteria for allowing the entry of an order *nunc pro tunc* in this case, we have considered whether any party has been prejudiced. The converse of that issue is whether the actions of any party estops it from complaining about the *nunc pro tunc* consolidation.

Ad-Ex, which now seeks to set aside the *nunc pro tunc* order of consolidation, has clearly used the designation of "consolidated cases" to its own end and ought not to be allowed to change the rules at this late date.

As we previously noted, Ad-Ex filed a petition for rule to show cause bearing the caption "86 CH 4823 and consolidated cases" to require the City to issue three permits, although none of the permits requested related to a particular parcel designated under "86 CH 4823." The petition also raised a question as to whether the City had been furnished the required bond.

On November 15, 1989, the court entered an order bearing the caption "86 CH 4821" which addressed the issue of the bonds and determined that the tendered bond "should apply to all other permit applications" and that the permits for three locations would issue immediately although the locations cited were those affecting 86 CH 4785, 86 CH 4794 and 86 CH 4773, and not 86 CH 4821.

Where a party has taken advantage of *de facto* consolidation, the court may consider such fact, together with all of the other circumstances of the case, including memoranda or memorials, and such party may be estopped to deny that there was an appropriate order of consolidation.

■ Section 2—1006 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1006) provides for consolidation of actions pending in the same court "as an aid to convenience, whenever it can be done without prejudice to a substantial right." Thus, a trial court has broad discretion in determining the propriety of consolidation (*Horn v. Rincker* (1981), 84 Ill. 2d 139, 147, 417 N.E.2d 1329; *Wehmeier v. U N R Industries, Inc.* (1991), 213 Ill. App. 3d 6, 35, 572 N.E.2d 320; *Richard/Allen/Winter, Ltd. v. Waldorf* (1987), 156 Ill. App. 3d 717, 725, 509 N.E.2d 1078), and its decision will not be overturned on review absent a finding of an abuse of discretion. *Wehmeier*, 213 Ill. App. 3d at 36; *Joppa High School District No. 21 v. Jones* (1976), 35 Ill. App. 3d 323, 325, 341 N.E.2d 419.

■ Consolidation has three different applications: (1) where several actions are pending involving substantially the same subject mat-

ter, the court may stay proceedings in all but one and see whether the disposition of the one action may settle the others thereby avoiding multiple trials on the same issue; (2) where several actions involve an inquiry into the same event in its general aspects, the actions may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been brought as a single action, the cases may be merged into one action, thereby losing their individual identity, to be disposed of in one suit. *Kassnel v. Rosemont* (1985), 135 Ill. App. 3d 361, 364, 481 N.E.2d 849; *Shannon v. Stookey* (1978), 59 Ill. App. 3d 573, 375 N.E.2d 881; *Vitale v. Dorgan* (1975), 25 Ill. App. 3d 941, 323 N.E.2d 616.

Where separate causes are of the same nature, involve the same or like issues and depend largely upon the same evidence, consolidation is not an abuse of discretion. *Peck v. Peck* (1959), 16 Ill. 2d 268, 275, 157 N.E.2d 249; *Waldorf*, 156 Ill. App. 3d at 725.

In this case, it is clear from the record the original presiding judge determined that the 34 separate causes were of the same nature since they involved construction of the same statute and similar issues regarding the setback requirements, differing mostly because of the disputed location of the signs, and that the issues could be resolved upon a demonstration of the same or similar evidence.

We find that the *sua sponte* consolidation itself was not an abuse of discretion, and the court in the case at bar's determination that the cases had in fact been consolidated was appropriate.

A trial court has authority to enter an order *sua sponte* under section 2–1006 to sever or consolidate cases, and the court's judgment is not dependent upon the written pleadings of the parties if the allegations demonstrate, either directly or inferentially, that the parties sought the judgment or were entitled to it. *Klein v. Steel City National Bank* (1991), 212 Ill. App. 3d 629, 634, 571 N.E.2d 751, *appeal denied* (1991), 141 Ill. 2d 543, 580 N.E.2d 116, citing *Johnson v. Miller* (1894), 55 Ill. App. 168, 176.

In the present case, it was not an abuse of discretion to formally consolidate the cases *nunc pro tunc* since there is ample evidence in the record to demonstrate that the 34 cases could be consolidated without invoking prejudice to either party, according to the requirements of section 2–1006. As the court stated in its decision, Ad-Ex is free to file a new complaint challenging the City's ordinances.

Finally, we believe that no prejudice attaches to any party: Ad-Ex may still pursue its remedies; the public policies of the State against the authority of a municipality to ignore its own zoning code is recog-

nized; and the reference to "consolidated cases" made by both parties is given effect.

Ad-Ex also contends here that this court is obligated to review its appellate jurisdiction in *Ad-Ex I*, which denied the City's motion to set aside the settlement agreement.

Our jurisdiction on this issue has already been established by Justice Freeman's supplemental opinion in that case and is *res judicata*. Moreover, the supreme court subsequently denied Ad-Ex's petition for leave to appeal.

We affirm the *nunc pro tunc* consolidation and direct the circuit court to enter such orders as may be necessary to enforce the mandate of this court in *Ad-Ex I* with respect to all of the consolidated cases.

Affirmed and remanded with instructions.

RIZZI and CERDA, JJ., concur.