# Illinois Official Reports

## Appellate Court

---

## *People v. McCoy*, 2020 IL App (1st) 161199

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES MCCOY, Defendant-Appellant. |
| District & No. | First District, First Division<br>No. 1-16-1199 |
| Filed | August 10, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-17867; the Hon. Thaddeus L. Wilson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Deepa Punjabi, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and John E. Nowak, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE GRIFFIN delivered the judgment of the court, with opinion.<br>Justices Hyman and Walker concurred in the judgment and opinion. |

**OPINION**

¶ 1     After a bench trial, defendant Charles McCoy was convicted of possession with the intent to deliver between 15 and 100 grams of heroin in case No. 10-CR-17867. The trial court sentenced him to a prison term of 11 years. Following the denial of his posttrial motion to reconsider sentence, defendant pled guilty to two other felony offenses in case Nos. 12-CR-10671 and 12-CR-10678. The trial court sentenced him to one year in prison for each of those offenses. All of defendant's sentences ran consecutively.

¶ 2     Defendant directly appealed his bench trial conviction under case No. 10-CR-17867 and raised a single issue: the evidence was insufficient to convict beyond a reasonable doubt. We affirmed. Defendant then filed a postconviction petition captioned with case Nos. 10-CR-17867, 12-CR-10671, and 12-CR-10678. The petition was later amended by counsel. During the proceedings, the parties and the trial court treated all of defendant's cases as functionally consolidated. The trial court dismissed the petition, and defendant appealed, listing all three case numbers in his notice of appeal. Defendant claimed on appeal that he did not receive the benefit of the bargain of his plea deal and sought a 513-day reduction in his 11-year consecutive sentence imposed in case No. 10-CR-17867. We thoroughly considered defendant's claims and affirmed the dismissal of his petition.

¶ 3     Defendant sent another postconviction petition captioned with case No. 10-CR-17867 to the clerk of the circuit court of Cook County (Clerk). He later filed a motion seeking leave to file the petition, claiming it was the first petition under case No. 10-CR-17867. The trial court denied leave to file and dismissed the petition, finding it was successive and failed to satisfy the cause-and-prejudice test. Defendant appeals and asks us to reverse the trial court's judgment and remand the case to the trial court for second-stage postconviction proceedings. We affirm.

¶ 4                                    BACKGROUND

¶ 5     In October of 2010, defendant was charged in case No. 10-CR-17867 with possessing between 15 and 100 grams of heroin with the intent to deliver. 720 ILCS 570/401(a)(1)(A) (West 2010). Defendant posted bond and proceeded to commit other crimes. Defendant's bond was revoked, and the State charged him with driving on a suspended license in case No. 12-CR-10671 and aggravated fleeing in case No. 12-CR-10678. 625 ILCS 5/6-303(a), 11-204.1(a)(4) (West 2012). After a bench trial, defendant was convicted of the drug offense and sentenced to 11 years in prison. Upon the denial of defendant's motion to reconsider sentence, he pled guilty to both traffic offenses and was sentenced to the statutory minimum term of one year for each offense. The trial court ordered defendant to serve all of the sentences consecutively.

¶ 6     Defendant filed a direct appeal of his drug conviction, challenging the sufficiency of the State's evidence. Defendant did not raise any claims of ineffective assistance of counsel. We affirmed defendant's conviction on July 17, 2014, and corrected the mittimus. See *People v. McCoy*, 2014 IL App (1st) 130864-U. While the direct appeal was pending, defendant filed a *pro se* postconviction petition on May 20, 2013. See 725 ILCS 5/122-1 *et seq.* (West 2014). Defendant captioned the petition with case Nos. 10-CR-17867, 12-CR-10671, and 12-CR-10678. The trial court appointed postconviction counsel, who filed an amend petition, claiming defendant was denied the benefit of his negotiated plea agreement because his credit for time

served was incorrectly applied (amended petition). The trial court dismissed the amended petition on May 22, 2015, and defendant appealed.

¶ 7 Defendant asked the court on appeal to reduce his consecutive 11-year sentence imposed in case No. 10-CR-17867 by 513 days to effectuate his negotiated plea agreement. Defendant claimed this form of sentencing relief was available to him because consecutive sentences "are to be treated as a single term of imprisonment." We affirmed the dismissal of the amended petition on March 22, 2018. See *People v. McCoy*, 2018 IL App (1st) 151742-U, ¶ 31 (finding in part that "the 513 days of credit cannot be subtracted from defendant's 11-year sentence in case No. 10 CR 17867 because that sentence was imposed by the trial court following a trial and was not part of defendant's plea agreement").

¶ 8 While the amended petition was pending in the trial court, defendant filed another *pro se* postconviction petition, arguing that a State witness at his bench trial committed perjury and his trial and appellate counsel were ineffective (*pro se* petition). Defendant captioned the *pro se* petition with case No. 10-CR-17867 only. The Clerk marked the *pro se* petition "received" on January 20, 2015. However, no record of the *pro se* petition was in the Clerk's electronic database or the trial court's case file.

¶ 9 On December 9, 2015, defendant filed a motion for leave to file his *pro se* petition. Attached to the motion was (1) the first page of the three-page *pro se* petition; (2) a notice of filing dated January 12, 2015, informing the Clerk that defendant mailed the petition; (3) a four-page affidavit executed by defendant; and (4) 15 pages of exhibits. In support of the motion, defendant claimed the *pro se* petition was an initial, not successive, petition; the trial court was required to automatically advance the *pro se* petition to the second stage of proceedings; it was "filed" on January 12, 2015; and the 90-day docketing period outlined in section 122-2.1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1 (West 2014)) had lapsed.

¶ 10 On March 4, 2016, the trial court entered a written order dismissing the *pro se* petition. The trial court determined that defendant was "foreclosed from arguing that his new petition is the first petition filed under [10-CR-17867]" because he (1) captioned the amended petition with case No. 10-CR-17867, (2) never mentioned the filing of the *pro se* petition in early 2015, despite the pendency of the amended petition, and (3) even captioned the notice of appeal from the dismissal of the amended petition with case No. 10-CR-17867.

¶ 11 The trial court denied defendant leave to file and dismissed the *pro se* petition as a successive petition that failed to satisfy the cause-and-prejudice test. The trial court relied in part on *People v. Marker*, 233 Ill. 2d 158, 163 (2009), to make its decision, where our supreme court determined that separate felony and traffic cases were "functionally consolidated" in the trial court and defendant was " 'estopped to deny' " consolidation because he "filed several documents listing both case numbers in the caption." The trial court alternatively concluded that even if the *pro se* petition was an initial petition, it would fail on the merits.

¶ 12 Defendant appeals and asks us to reverse the trial court's judgment and remand the case for second-stage postconviction proceedings. Defendant claims the *pro se* petition was an initial petition not subject to the cause-and-prejudice test. He further claims the dismissal of the *pro se* petition on the merits constituted an improper partial dismissal because the trial court considered only the claims raised on the first page of the three-page *pro se* petition.

¶ 13                                    ANALYSIS

¶ 14        The Act provides a statutory remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act is not a substitute for an appeal but rather a collateral attack on a final judgment. *Id.* The purpose of a postconviction proceeding is to allow inquiry into constitutional issues involved in the original conviction and sentence that have not been, and could not have been, adjudicated previously on direct appeal. *People v. Towns*, 182 Ill. 2d 491, 502 (1998). When a petitioner has previously taken an appeal from a judgment of conviction, the judgment of the reviewing court will bar review under the doctrine of *res judicata* of all issues actually decided by the reviewing court, and any other claims that could have been presented to the reviewing court will be deemed waived. *Edwards*, 2012 IL 111711, ¶ 21.

¶ 15        The Act contemplates the filing of a single petition. *People v. Paige*, 2020 IL App (1st) 161563, ¶ 29. However, a defendant may file a successive petition with leave of court. 725 ILCS 5/122-1(f) (West 2014). Leave to file a successive petition may be granted only if the defendant "demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* To establish "cause," the defendant must show some objective factor external to the defense impeded his ability to raise the claim in the initial postconviction proceeding. *People v. Coleman*, 2013 IL 113307, ¶ 82 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 460 (2002)). To establish "prejudice," the defendant must show the claimed constitutional error so infected his trial that the resulting conviction violated due process. *Id.* (citing *Pitsonbarger*, 205 Ill. 2d at 464). A defendant faces " 'immense procedural default hurdles when bringing a successive post-conviction petition,' " which " 'are lowered in very limited circumstances' " because successive petitions " 'plague the finality of criminal litigation.' " *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 27 (quoting *People v. Tenner*, 206 Ill. 2d 381, 392 (2002)).

¶ 16        The central contention raised by the parties on appeal is whether the trial court was justified in "treating" the *pro se* petition as a successive petition. The parties fail to contest the trial court's determination that the *pro se* petition, if a successive petition, failed to satisfy the cause-and-prejudice test. A review of the record reveals that defendant made no attempt in the *pro se* petition to satisfy the cause-and-prejudice test. Accordingly, this appeal turns, at least initially, on the question of whether the *pro se* petition was the second petition filed under case No. 10-CR-17867.

¶ 17        Defendant does not deny that he and his postconviction counsel captioned the amended petition with case No. 10-CR-17867. However, he argues that the act of captioning the amended petition was "merely a layman's error that did not affect the substance of his pleading and should not affect the way it or subsequent pleadings under the Act are characterized." Defendant contends that *Marker* has no application to this case. We reject these arguments.

¶ 18        The record in this case establishes that defendant captioned the amended petition with case No. 10-CR-17867 and included that case number in his notice of appeal following dismissal. Defendant actively sought sentencing relief on appeal, arguing that the court should reduce his 11-year sentence imposed in case No. 10-CR-17867 by 513 days to give full effect to his negotiated plea agreement. *McCoy*, 2018 IL App (1st) 151742-U, ¶ 14 (defendant "argues the 11-year sentence imposed in his earlier case could be reduced by 513 days to approximate the terms of his plea agreement"). Defendant reasoned that consecutive sentences constitute a single term of imprisonment and the proposed reduction of his 11-year sentence was therefore

both feasible and warranted. We gave due consideration to defendant's claims and rejected them. We affirmed the dismissal of the amended petition. *Id.* ¶ 35.

¶ 19     To be sure, defendant and his counsel's acts of (1) captioning the amended petition with case No. 10-CR-17867, and (2) including that case number in the notice of appeal, allowed him to seek a reduction of his 11-year consecutive sentence. If case No. 10-CR-17867 was not included in the amended petition and notice of appeal, defendant's request for sentencing relief would not have been considered because, as he argues in his brief, "the bench trial proceedings in 10CR17867 *were entirely separate* from the proceedings in 12CR10671 and 12CR10678." Defendant fails to see that what matters in this case is the action he undertook, in the trial court and on appeal, to *combine* the separate drug and traffic proceedings.

¶ 20     *Marker* applies here, and the trial court was correct to rely on it for guidance. In *Marker*, our supreme court found that separate traffic and felony cases were "functionally consolidated" because the parties and the trial court treated them as such. *Marker*, 233 Ill. 2d at 162. The court pointed to the following facts as conclusively establishing functional consolidation: (1) numerous documents filed by the parties and orders filed by the court listed both case numbers in the caption and (2) the trial court announced the cases as, " 'People of the State of Illinois vs. Brent E. Marker, 06 CF 69, 06 DT 57,' " at the hearing on defendant's motion to quash and suppress and the hearing on the State's motion to reconsider. *Id.* The court also stated, where a "defendant himself filed several documents listing both case numbers in the caption, he is 'estopped to deny' consolidation." *Id.* at 163.

¶ 21     Here, as in *Marker*, the parties and the trial court treated defendant's case as functionally consolidated. Defendant and his counsel captioned the amended petition with case Nos. 10-CR-17867, 12-CR-10671, and 12-CR-10678. The trial court expressly indicated in its written order entered on March 4, 2016, that it (1) treated the amended petition as filed under No. 10-CR-17867 and (2) defendant never mentioned the filing of the *pro se* petition in early 2015, despite the pendency of the amended petition. These facts conclusively establish functional consolidation under *Marker*. But there is more.

¶ 22     Defendant included case No. 10-CR-17867 in his notice of appeal from the dismissal of the amended petition and sought a reduction of the 11-year consecutive sentence imposed in that case. Defendant clearly took advantage of the joined caption. See *Ad-Ex, Inc. v. City of Chicago*, 247 Ill. App. 3d 97, 102 (1993) ("[w]here a party has taken advantage of *de facto* consolidation, the court may consider such fact, together with all of the other circumstances of the case, including memoranda or memorials, and such party may be estopped to deny that there was an appropriate order of consolidation"). Accordingly, defendant's actions here go beyond the facts of *Marker* and place the trial court's determination on even more settled ground.

¶ 23     Based on all of defendant's actions he "ought not be allowed to change the rules" and claim *post hoc* that case No. 10-CR-17867 appeared on the amended petition and notice of appeal by way of a "layman's error." *Id.* Neither party argues that their respective actions taken to functionally consolidate the cases caused each other to suffer prejudice. *Marker*, 233 Ill. 2d at 163 (citing *Ad-Ex, Inc.*, 247 Ill. App. 3d at 98-103).

¶ 24     We reject defendant's argument that *People v. Little*, 2012 IL App (5th) 100547, applies to this case. The court in *Little* held that "where a defendant files an initial postconviction petition seeking only to reinstate the right to a direct appeal that was lost due to counsel's ineffectiveness, a subsequent petition is not a successive petition for purposes of section 122-

1(f)" of the Act. *Id.* ¶ 19; see *People v. Wilson*, 2014 IL App (1st) 113570, ¶¶ 39-40 (following *Little* in a case with "substantially similar" facts). No postconviction petition seeking to reinstate the right to a direct appeal was filed in this case. *Little* has no application here.

¶ 25　　　　Accordingly, the trial court was correct to dispose of the *pro se* petition because it was a successive petition and defendant pled no facts under the cause-and-prejudice test. The 90-day docketing period outlined in section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 2014)) did not apply to the *pro se* petition. See *People v. Tidwell*, 236 Ill. 2d 150, 159 (2010) ("[f]or purposes of the 90-day docketing provision, *** a successive postconviction petition will not be considered 'filed,' as that term is used in the statute, until leave is granted; notwithstanding the circuit clerk's reception and acceptance of the petition"). Based on our decision, we need not consider defendant's remaining arguments. The judgment must be affirmed.

¶ 26　　　　　　　　　　　　　　CONCLUSION
¶ 27　　　　Accordingly, we affirm.

¶ 28　　　　Affirmed.