2023 IL App (1st) 220440-U
Order filed: December 14, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-0440

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 26918 |
| | ) | |
| KENDALL MERRIWEATHER, | ) | Honorable |
| | ) | Michele McDowell Pitman, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1     *Held*: Second-stage dismissal of defendant's successive postconviction petition is affirmed, where defendant cannot satisfy the cause element of the cause-and-prejudice test as to claim that his natural life sentence was unconstitutional and, additionally, defendant's guilty pleas waived any constitutional issues.

¶ 2     Defendant-appellant, Kendall Merriweather, appeals from the second-stage dismissal of the successive postconviction petition he filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). For the following reasons, we affirm.

¶ 3     Defendant was charged in a 12-count indictment with multiple counts of first degree murder, attempted murder, and armed robbery, with all the offenses alleged to have been committed on or about September 18, 1998. The State indicated its intent to seek the death penalty.

¶ 4 On October 24, 2000, defendant submitted a jury waiver to the circuit court and indicated his desire to enter guilty pleas to four counts of first degree murder (two of which would eventually merge), one count of attempted murder, and two counts of armed robbery, with the State to *nolle prosequi* the remaining counts of the indictment. The circuit court then provided the sentencing range for the charges to which defendant would plead guilty. The court noted that because defendant was pleading guilty to multiple murders there were ultimately only two possible sentences with respect to those charges: natural life imprisonment or the death penalty.

¶ 5 The trial court then further admonished defendant about each of his guilty pleas, and defendant confirmed that he had decided to plead guilty voluntarily and that no one had threatened him or promised him anything to plead guilty. This included questioning to ensure that defendant was aware that the death penalty was a possible sentence. The parties stipulated that defendant was 20 years old, having been born on April 10, 1980. The State submitted a written, stipulated factual basis that the parties had signed. Defendant agreed that he was pleading guilty to the facts in the stipulation.

¶ 6 The circuit court found that there was a sufficient factual basis for defendant's pleas and that defendant understood the nature of the charges against him and his legal rights. The court ruled that defendant had entered his pleas knowingly and voluntarily and accepted his guilty pleas. The parties and the court then discussed how sentencing would proceed given that the State was seeking the death penalty. This matter was continued for the preparation of a presentence investigation report (PSI), the preparation of a report by the defense mitigation specialist, and for a death penalty eligibility hearing.

¶ 7 Thereafter a PSI and mitigation report were prepared, and after the case was continued several times for consideration of defendant's eligibility for the death penalty, a sentencing hearing

was held on January 7, 2002. At the beginning of the hearing, the State indicated that "at this time we are offering natural life in exchange for the defendant's previous[ly] entered plea of guilty" to the murders, along with concurrent terms of 30-years imprisonment for the pleas to attempted murder and armed robbery. Defendant accepted the offer, and after considering the PSI and mitigation report, the signed stipulation, defendant's statement in allocution, and defendant's reliance upon of his "young age" and lack of a criminal record as mitigation, the circuit court stated that it would "go along with the agreement." Defendant was admonished and questioned by the court, and he was then sentenced to natural life in prison for the murder convictions, along with concurrent terms of 30 years imprisonment for attempted murder and the two counts of armed robbery. The circuit court then stated, "this is now an agreed disposition." Defendant did not move to withdraw his guilty plea or file a direct appeal.

¶ 8    On July 14, 2003, defendant filed a *pro se* postconviction petition in which he asserted that his plea was involuntary due to ineffective assistance of trial counsel where trial counsel pressured and deceived defendant into pleading guilty. Postconviction counsel was appointed, and an amended petition was filed. The State filed a motion to dismiss the petition, which the circuit court granted. Defendant appealed, and this court affirmed the dismissal of defendant's petition. *People v. Merriweather*, No. 1-05-3504 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9    On September 21, 2016, defendant filed a *pro se* motion for leave to file a successive postconviction petition, along with a proposed petition. In the proposed petition, defendant alleged that the natural life sentence imposed on him for murders he committed as an 18-year-old young adult violated the Eighth Amendment to the United States constitution and the proportionate penalties clause of the Illinois constitution, considering recent developments in neurobiology and developmental psychology and under *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny. In

the motion seeking leave to file, defendant asserted, in part, that he satisfied the Act's cause and prejudice requirements (see 725 ILCS 5/122-1(f) (West 2018)) with respect to this claim because *Miller* and its progeny had not yet been decided when he filed his initial postconviction petition. The circuit court denied leave to file the successive petition on December 2, 2016, in part based upon its conclusion that defendant had not demonstrated cause for his failure to raise this issue in his initial postconviction petition.

¶ 10    Defendant appealed, and on June 10, 2019, defendant filed an agreed motion for summary disposition of the prior appeal. Therein, defendant contended that pursuant to decisions subsequently issued by our supreme court in *People v. Harris*, 2018 IL 121932, *People v. Thompson*, 2015 IL 118151, and *People v. Davis*, 2014 IL 115595, his "current *pro se* pleadings satisfy the cause-and-prejudice test for leave to file a successive post-conviction petition." On June 14, 2019, this court granted the agreed motion, vacated the circuit court's order denying defendant leave to file the successive petition, and remanded this matter for the circuit court to grant defendant "leave to file the petition and to appoint counsel for further post-conviction proceedings." *People v. Merriweather*, No. 1-17-0035 (June 14, 2019) (dispositional order).[1]

¶ 11    Upon remand, leave to file the successive petition was granted, postconviction counsel was appointed to represent defendant, and the matter was advanced to the second stage. However, defendant soon filed a *pro se* motion asking to represent himself in these postconviction proceedings. Considering defendant's motion, and after admonishing defendant, postconviction

---

[1]    While the record on appeal does not include the motion filed in the prior appeal, we nevertheless take judicial notice of that record. See *People v. Torres*, 2019 IL App (1st) 151276, ¶ 36 (quoting *In re N.G.*, 2018 IL 121939, ¶ 32) ("our supreme court has made it clear that it is 'well within' our authority to take judicial notice of court records in related cases," including prior criminal proceedings involving a defendant).

counsel was granted leave to withdraw and defendant was granted additional time to file an amended petition.

¶ 12    Defendant filed his amended, successive petition on January 26, 2021. As relevant to this appeal, defendant therein reasserted his claim that the natural life sentence imposed on him for murders he committed as a young adult violated the proportionate penalties clause of the Illinois constitution. On April 23, 2021, the State filed a motion to dismiss the amended petition. With respect to defendant's proportionate penalties clause claim, the State argued that the Illinois constitution was not violated where the record established that the trial court considered defendant's youth and attendant circumstances at sentencing.

¶ 13    The circuit court granted the State's motion to dismiss on February 4, 2022. In relevant part, the court noted: "In this matter, several people were shot in a violent incident that occurred. The defendant alleges that the sentence of natural life, which he agreed to, violates the penalties clause as applies to his matter." The court then rejected this argument after concluding that the sentencing court "went along with the agreement for natural life after having considered the presentence investigation, the mitigation report. All were reviewed by the sitting judge in this matter[.] The Court finds there is no[] a need to advance this [petition]." Defendant timely appealed.

¶ 14    On appeal, defendant contends that his amended, successive postconviction petition was improperly dismissed at the second stage where he made a substantial showing that his natural life sentence violated the proportionate penalties clause of the Illinois constitution. We affirm, albeit for reasons different than those of the circuit court. Specifically, we agree with the State's argument on appeal that defendant cannot satisfy the cause-and-prejudice test as to this claim and that, in any case, defendant's guilty pleas waived his constitutional challenge to his sentence.

¶ 15     The Act provides a three-stage procedure for criminal defendants to raise constitutional issues about their trial or sentencing that could not have been raised on direct appeal. *People v. Morales*, 2019 IL App (1st) 160225, ¶ 17; 725 ILCS 5/122-1 *et seq*. (West 2022). At the first stage, the postconviction court evaluates the petition and determines whether it is frivolous or patently without merit. *Id*. If the court determines that the petition is not frivolous or patently without merit, it is docketed for second-stage proceedings, during which counsel can be retained or appointed, and defendant must make a substantial showing of a constitutional violation. *Id*. If the petition makes a substantial showing of a constitutional violation, it advances to the third-stage evidentiary hearing where the postconviction court receives evidence and determines whether defendant is entitled to relief. 725 ILCS 5/122-6 (West 2022).

¶ 16     Here, defendant's petition was dismissed at the second stage, and we review such a dismissal *de novo*. *People v. Snow*, 2012 IL App (4th) 110415, ¶ 15. We may affirm a second-stage dismissal "on any grounds substantiated by the record, regardless of the trial court's reasoning." *Id*. ¶17 (citing *People v. Demitro*, 406 Ill. App. 3d 954, 956 (2010)).

¶ 17     The Act contemplates the filing of a single petition. *People v. McCoy*, 2020 IL App (1st) 161199, ¶ 15. Successive petitions are disfavored. *Id*. There are two exceptions where fundamental fairness compels the lifting of the bar against successive petitions. *People v. Taliani*, 2021 IL 125891, ¶ 55. The first exception is when defendant establishes cause and prejudice for failing to raise the claim earlier under section 122-1(f) of the Act. 725 ILCS 5/122-1(f) (West 2022).

¶ 18     Under the cause and prejudice test, defendant must establish cause for his failure to raise the claim earlier and prejudice stemming from his failure to do so. *Id*. Defendant shows cause by identifying an objective factor that impeded his ability to raise a specific claim during the initial postconviction proceedings. *People v. Wrice*, 2012 IL 111860, ¶ 48. Defendant shows prejudice

by demonstrating that the claim so infected the proceedings that his resulting conviction or sentence violated due process. *Id.* If a defendant cannot establish cause, we need not consider whether a defendant can establish prejudice. *People v. Smith*, 2014 IL 115946, ¶ 37.

¶ 19 "The previous unavailability of a legal or factual basis for the claim can qualify as cause." *People v. Haines*, 2021 IL App (4th) 190612, ¶ 43. "A legal rule is novel, and its novelty is cause for omitting to raise the rule earlier, if the defendant did not have 'at his disposal the essential legal tools with which to construct his claim in time to present the claim' in the initial postconviction proceeding." *Id.* ¶ 44 (quoting *Waldrop v. Jones*, 77 F.3d 1308, 1315 (11th Cir. 1996)). Defendant relies upon these principles to establish cause in this matter, contending that he could not have raised his current proportionate penalties clause claim earlier because *Miller* and its progeny had not yet been decided when he filed his initial postconviction petition.

¶ 20 However, our supreme court has concluded that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *People v. Dorsey*, 2021 IL 123010, ¶ 74. As the court explained, "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' " *Id.* (quoting *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 59). More recently, our supreme court has reaffirmed its analysis in *Dorsey*. *People v. Clark*, 2023 IL 127273, ¶ 94 ("the *Miller* line of cases does not satisfy the 'cause' prong of the cause-and-prejudice test for raising a proportionate penalties claim in a successive postconviction petition, as *Miller*'s unavailability does nothing to explain why defendant neglected to raise the proportionate penalties clause claim in his prior postconviction proceedings."); *People v. Moore*,

2023 IL 126461, ¶ 40 (holding that *Miller* "does not provide cause for a young adult offender to raise a claim under the proportionate penalties clause" in a successive petition).

¶ 21     On appeal, defendant attempts to distinguish these cases on the basis that they involved defendants subject to discretionary sentences while he was subject to a mandatory minimum sentence of natural life in prison for the two murder convictions to which he plead guilty. We find the factual distinction irrelevant. The holdings in the above cases apply to both claims involving discretionary life sentences and those involving a mandatory life sentence. Indeed, "this court has universally applied the holding in *Dorsey* to conclude that cause has not been established based on the prior unavailability of *Miller* and its progeny." *People v. Walsh*, 2022 IL App (1st) 210786, ¶ 33. Moreover, even if natural life in prison was the mandatory minimum sentence that could be imposed for the multiple murders to which defendant plead guilty, our supreme court has recognized that a trial court is not required to accept a plea agreement and therefore its decision to do so necessarily constitutes an exercise of its discretion. *People v. Jones*, 2021 IL 126432, ¶ 27.

¶ 22     Considering the above authority, we must therefore conclude that defendant cannot establish cause for his failure to raise his proportionate penalties clause claim in his prior postconviction petition. We therefore find that his successive petition was properly dismissed at the second stage, and we need not consider whether defendant can establish prejudice. *Smith*, 2014 IL 115946, ¶ 37.

¶ 23     In reaching this conclusion, we note that defendant contends that we "implicitly [found] cause and prejudice by granting, in 2019, Merriweather's unopposed motion to vacate the denial of leave to file and remand the cause with directions to grant Merriweather' leave to file his successive postconviction petition. *** This court's finding need not be revisited." We disagree for several reasons.

¶ 24    First, it is not at all clear that we previously made any implicit finding at all, where we simply granted an agreed motion in the prior appeal. See *Elliott v. LRSL Enterprises, Inc.*, 226 Ill. App. 3d 724, 728 (1992) (noting that an agreed order constitutes neither a judicial determination of the rights of the parties, nor represents judgment of the court; rather it is a recordation of the private agreement of the parties). Moreover, even if our prior order granting the agreed motion did include an implicit finding, it included only an implicit finding that defendant had demonstrated sufficient cause and prejudice to advance this matter to the second stage. See *People v. Bailey*, 2017 IL 121450, ¶ 24 (when a defendant seeks leave to file a successive petition, he or she is required to demonstrate only "a *prima facie* showing of cause and prejudice"). In contrast, a successive postconviction is subject to dismissal at the second stage where a defendant cannot "*prove* cause and prejudice for not having raised the claims in the initial postconviction petition." (Emphasis added.) *Id*. ¶ 26.

¶ 25    Additionally, even if our prior order could be viewed as a more definitive ruling as to cause and prejudice, that ruling would not constitute law of the case as to this issue. The law-of-the-case doctrine bars relitigation of an issue already decided in the same case. *People v. Tenner*, 206 Ill. 2d 381, 395 (2002). However, "[t]here are two exceptions to the law-of-the-case doctrine: (1) if a higher reviewing court makes a contrary ruling on the same issue after the lower court's decision, and (2) if a reviewing court determines that its prior decision was palpably erroneous." *People v. Anderson*, 2015 IL App (2d) 140444, ¶ 27. Here, the first exception clearly applies where the decisions in *Dorsey*, *Clark* and *Moore* were all issued by our supreme court *after* our order granting the agreed motion in the prior appeal.

¶ 26    Finally, even if defendant could establish cause and prejudice, we would find that his proportionate penalties clause challenge to his natural life sentences has been waived due to his

knowing and voluntary guilty pleas. Our supreme court has consistently held that a knowing and voluntary guilty plea waives any constitutional challenge based on subsequent changes in the applicable law, including challenges based upon *Miller* and its progeny. *Jones*, 2021 IL 126432, ¶ 26.

¶ 27   Nevertheless, defendant contends on appeal that *Jones* is distinguishable on the basis that the plea agreement there was fully negotiated, while here he initially entered blind pleas without any agreement as to his ultimate sentence. We do not agree with defendant's characterization of his plea as blind. The record is clear that defendant understood that there were ultimately only two possible sentences with respect to the murder charges, natural life imprisonment or the death penalty. Moreover, defendant's guilty pleas were only finalized and his sentences imposed after defendant accepted the State's offer of natural life on the first degree murder pleas and the trial court entered what it described as "an agreed disposition." Even if we accepted defendant's characterization, this court has previously rejected the contention that *Jones* can be so distinguished as "the supreme court's analysis did not turn on whether the defendant's plea was fully negotiated or not, but whether the plea was knowing and voluntary." *People v. Aceituno*, 2022 IL App (1st) 172116, ¶ 48. We come to the same conclusion here.

¶ 28   For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 29   Affirmed.